IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>                    **Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br>                    **Defendant.** | Civil Action No. 06-00128 RBW |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to F.R.Civ.P. 12(b)(1), defendant District of Columbia hereby moves to dismiss this case. The reason for this motion is that the Court lacks jurisdiction over the subject matter. The parties lack diversity and there is no federal question involved in that this is a simple negligence case. A Memorandum of Points and Authorities in support of this motion, along with a proposed Order (**Attachment 1**), is attached hereto. (Because this is a dispositive motion, the District need not request the plaintiff's consent.)

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        /s/
                                        NICOLE L. LYNCH [D.C. Bar #471953]
                                        Chief, General Litigation, Section II

                                        /s/
                                        URENTHEA McQUINN [D.C. Bar #182253]
                                        Assistant Attorney General
                                        441 4th Street, N.W.

 Suite 6South47  
Washington, D.C.  20001  
(202) 724-6646  
(202) 727-0431 (Fax)  
urenthea.mcquinn@dc.gov

February 14, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>　　　　　　　　　　**Plaintiff,**<br><br>　　　　　　v.<br><br>**DISTRICT OF COLUMBIA,**<br>　　　　　　　　　　**Defendant.** | **Civil Action No. 06-00128 RBW** |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to F.R.Civ.P. 12(b)(1), defendant District of Columbia hereby submits this memorandum of points and authorities in support of its Motion to Dismiss.

*Standard of Review*

Under settled law, the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone. *Herbert v. National Academy of Sciences*, 297 U.S. App. D.C. 406 (D.C. Cir., 1992).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations set forth in the complaint and must draw all reasonable inferences from those allegations in favor of the non-moving party. See *Artis v. Greenspan*, 332 U.S. App. D.C. 395, 158 F.3d 1301, 1305-06 (D.C. Cir. 1998); *Pitney Bowes Inc. v. United States Postal Service*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the

3

complaint, nor must the Court accept plaintiff's legal conclusions. See *National Treasury Employees Union v. United States*, 322 U.S. App. D.C. 135, 101 F.3d 1423, 1430 (D.C. Cir. 1996). *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 47 (D.D.C., 2003).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. See, e.g., *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). However, the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 91 L. Ed. 1209, 67 S. Ct. 1009 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis v. Greenspan*, 223 F. Supp. 2d at 152 n.1. *Id*. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction. *Id*. *Caesar v. United States*, 258 F. Supp. 2d 1, 2-3 (D.D.C., 2003).

### *Facts*

Plaintiff alleges that in 2002, his car was stolen and that in 2004, the District of Columbia Metropolitan Police Department sold his car without proper notice to him. On January 24, 2006, plaintiff sued the District of Columbia, pursuant to 28 U.S.C. § 1343 for selling the property without notice to him or to his lien holder.

*Argument*

**I. THIS SIMPLE NEGLIGENCE CASE IS NOT ONE WHICH ARISES UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES**

This case does not involve a federal question that arises under the Constitution, laws or treaties of the United States. It is a simple negligence case. See the Complaint, ¶ 9. Therefore, this Court does not have jurisdiction. Plaintiff incorrectly argues that this matter comes within the ambit of 28 U.S.C. § 1343. 28 U.S.C. § 1343(3) provides as follows:

> § 1343. Civil rights and elective franchise
> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.
>
> (b) For purposes of this section—
>
> (1) the District of Columbia shall be considered to be a State; and
>
> (2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

28 USCS § 1343.

Plaintiff does not cite to any constitutional provision that the defendant violated. This is a simple negligence action because plaintiff is alleging that defendant breached its duty to him to hold his property in a safe and secure manner, and to return it to him. In *Cruz v Collazo*, 84 FRD 307. (1979, DC Puerto Rico), the District Court denied jurisdiction under 28 USCS §§ 1343(a)(3) and (4) in those cases wherein no federal constitutional claims were advanced and wherein claims rested on statutes which were not intended to guaranty equal rights.

## II. FURTHER, THERE IS NO DIVERSITY JURISDICTION OVER SUITS BETWEEN THE DISTRICT OF COLUMBIA AND THE CITIZENS OF THE VARIOUS STATES

Further, this case does not have diversity jurisdiction because it does not involve the citizens of different states, but instead it involves the District, which has the equivalency of a state for diversity jurisdictional purposes, and a citizen of another state. In *District of Columbia v. L. B. Smith, Inc*., 474 F. Supp. 894, 895 (D.D.C., 1979), the court held specifically that there was no diversity jurisdiction over suits between the District of Columbia and the citizens of the various states. The jurisdictional issue in that case was whether or not diversity jurisdiction existed over a suit between the District of Columbia, as a municipal corporation, and two defendants who resided outside the District. In order to resolve the question, the Court looked to whether the District of Columbia bore a greater similarity to a municipal corporation than to one of the states. Because the Court found the analogy to a state more appropriate, it concluded that it was without diversity jurisdiction over that action.

Section 1332(a)(1) of title 28, United States Code, grants federal courts subject matter jurisdiction over the following suits:

6

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 10,000, exclusive of interest and costs, and is between
>
> (1) citizens of different States;

Subsection (d) of section 1332 provides:

> (d) *The word "States," as used in this section, includes* the Territories, *the District of Columbia*, and the Commonwealth of Puerto Rico.

Emphasis added.

A suit between a citizen of the District of Columbia, therefore, and the citizen of a state falls within the diversity jurisdiction of the federal courts.

A suit between a state and a citizen of another state, however, is beyond the scope of section 1332(a)(1). *Ohio v. Wyandotte Chemicals Corp.*, 401 U.S. 493, 498 n.3, 91 S. Ct. 1005, 28 L. Ed. 2d 256 (1971). *In Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S. Ct. 192, 194, 39 L. Ed. 231 (1894), the Supreme Court declared:

> *A state is not a citizen.* And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States.

*District of Columbia v. L. B. Smith, Inc.*, 474 F. Supp. 894, 896 (D.D.C., 1979).[1]

Emphasis added. The court in the *L.B. Smith* case neatly summed up the exclusion of the District of Columbia as a citizen for diversity purposes:

---

[1] In contrast to the fifty states, cities, as municipal corporations, are subject to a different analysis. For the purpose of determining diversity of citizenship, political subdivisions are regarded as citizens of their respective states. *Illinois v. City of Milwaukee*, 406 U.S. 91, 97, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); *Bullard v. City of Cisco, Texas*, 290 U.S. 179, 187, 54 S. Ct. 177, 78 L. Ed. 254 (1933). *District of Columbia v. L. B. Smith, Inc*., 474 F. Supp. 894, 896 (D.D.C., 1979).

7

> In essence, this Court is confronted with a statute which is completely silent regarding the status of the District of Columbia as a litigant with non-resident defendants. The Supreme Court has explained that "(t)he policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction." *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 675, 86 L. Ed. 951 (1942). Because the District is not designated as one of the parties included within Congress' grant of diversity jurisdiction, the Court holds that it is without a statutory basis for subject matter jurisdiction. Section 1332(a) simply fails to include the District within its sweep and it is beyond the power of this Court to alter that fact. Accordingly, neither the District nor those with whom it litigates may benefit from this Court's power over diverse parties.

*Id.* at 896 (D.D.C., 1979).

## *Conclusion*

For all of the foregoing reasons, plaintiffs' Complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> _/s/_
> NICOLE L. LYNCH [D.C. Bar #471953]
> Chief, General Litigation, Section II
>
> _/s/_
> URENTHEA McQUINN [D.C. Bar #182253]
> Assistant Attorney General
> 441 4th Street, N.W.
>  Suite 6South47
> Washington, D.C.  20001
> (202) 724-6646
> (202) 727-0431 (Fax)
> urenthea.mcquinn@dc.gov