IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is without merit. Its contention that the action should be dismissed on that basis because it is one for simple negligence is unfounded, irrelevant to the question of whether the Court has jurisdiction, and contrary to existing law. Since the following discussion demonstrates that the Court does have jurisdiction, the motion to dismiss for lack thereof must be denied.

Defendant's discussion of whether diversity jurisdiction is present in this case is a red herring. Plaintiff has never contended, and does not argue now, that this Court has jurisdiction because of diverse citizenship of the parties.

Instead, jurisdiction properly lies in this Court under 28 U.S.C. § 1343(3) because a claim for denial of due process is sufficient to confer jurisdiction upon a federal court under that provision. McNamara v. Lukhard, 616 F.2d 727, 729 (4th Cir. 1980). The provisions of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution provide that a person whom a state proposes to deprive of property is entitled to notice and an opportunity to be heard. Dusenberry v. United States, 534 U.S. 161, 167 (2002).

A violation of the right to due process is precisely what Plaintiff has alleged. Plaintiff has alleged not merely that the District of Columbia sold his vehicle without proper notice; he has alleged that Defendant sold the vehicle without <u>any</u> notice. Complaint ¶ 9. He further alleges that the sale of the vehicle with any notice was a deprivation of property without due process of law. Complaint ¶ 10. Accordingly jurisdiction exists under § 1343(3) to hear the claim.

Defendant's motion to dismiss rests upon its characterization of Plaintiff's complaint as "a simple negligence action because plaintiff is alleging that defendant breached its duty to him to hold his property in a safe and secure manner, and to return it to him." Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss at 6. This statement is completely false. Even a cursory review of the complaint shows that Plaintiff has alleged no such thing; again, Plaintiff is alleging a violation of his right to due process. In deciding whether it has subject matter jurisdiction, the Court must accept the allegations of the complaint as true. <u>Tri-State Hospital Supply Corp. v. United States</u>, 358 U.S. App. D.C. 79, 80, 341 F.3d 571, 572 (2003).

The Defendant's argument is also illogical. Implicit in the Defendant's contention that the case is one of "simple negligence" is the proposition that a claim must be either one for negligence or one for violation of a federal right. Defendant cites no authority for that proposition. Moreover, Defendant does not provide a word of explanation as to why claims for negligence and constitutional rights are mutually exclusive. Precisely why the same conduct could not simultaneously constitute both negligence and a violation of constitutional rights is hardly self-evident. Accordingly, the complaint's statement of a claim for violation of due

process is sufficient to invoke jurisdiction even if the conduct that forms the basis of the claim would also constitute negligence. The reason for Defendant's citation of the case of Cruz v. Collazo, 84 F.R.D. 307 (D.P.R. 1979), is not readily apparent since the plaintiff in Cruz did not allege a violation of due process.

Finally, Defendant ignores well-established precedent concerning the relationship between the defense of lack of subject matter jurisdiction and that of failure to state a claim. What Defendant is really arguing at bar is that the complaint fails to state a claim upon which relief can be granted. The failure of the complaint to state a claim, however, would not deprive the court of subject matter jurisdiction to decide the issue of whether the complaint states such a claim. See Hagans v. Levine, 415 U.S. 528, 590-91 (1974) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

The preceding discussion establishes that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1343(3). Accordingly, the motion to dismiss on gronds of the absence of subject matter jurisdiction must be denied.

Respectfully submitted,

/s/Ernest P. Francis
Ernest P. Francis
DC Bar No. 439894
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA  22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfltd@verizon.net

Attorney for Plaintiff
