UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-0128 (RBW) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) ) | |

**<u>ORDER</u>**

On January 24, 2006, the plaintiff commenced this action challenging the District of Columbia's sale of the plaintiff's vehicle without notice in violation of the Due Process Clause of the United States Constitution. Complaint ("Compl.") ¶ 10. Currently before the Court is the defendant's motion to dismiss and the plaintiff's opposition thereto. In its motion, the District of Columbia contends that this action should be dismissed because this Court lacks jurisdiction. Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss ("Def.'s Mem.") at 5-8. Specifically, the defendant argues that this is a negligence action and therefore this Court does not possess jurisdiction over this case under either the federal question doctrine or diversity jurisdiction. Id. The plaintiff, however, opines that this is not a negligence action. Rather, he asserts that this case is premised upon the selling of his property without notice in violation of the Due Process Clause. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 1-3. Thus, the plaintiff suggests that jurisdiction is vested in this Court under the federal question doctrine. Id. at 2-3.

After carefully reviewing the complaint, this Court agrees with the plaintiff that this is not a negligence action. Rather, the plaintiff claims that his property (a vehicle) was sold without notice to him in violation of the Due Process Clause. Compl. ¶¶ 8-12. Because the plaintiff's claims are premised on the United States Constitution, this Court possess jurisdiction over this action. 28 U.S.C. § 1343(a)(3) (2000) ("The district courts shall have original jurisdiction of any civil action . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . .").

Accordingly, it is hereby this 26th day of June, 2006,

**ORDERED** that the defendant's motion to dismiss is **DENIED**. It is further

**ORDERED** that the defendant shall file an answer to the plaintiff's complaint within thirty days from the date of the issuance of this Order.

**SO ORDERED**.

                                                    REGGIE B. WALTON
                                                    United States District Judge