IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>    **Plaintiff,**<br><br>        v.<br><br>**DISTRICT OF COLUMBIA,**<br>    **Defendant.** | Civil Action No. 06-00128 RBW |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant District of Columbia hereby moves for summary judgment. As grounds for this motion, defendant asserts that plaintiff has failed to serve the proper designees of service of the Mayor and the Attorney General for the District of Columbia, plaintiff has failed to file mandatory Affidavits of Service within sixty (60) days of the filing of the Complaint, and plaintiff has failed to satisfy the mandatory notice provisions of D.C. Code § 12-309.

A Memorandum of Points and Authorities in support of this motion and a proposed Order (**Attachment 1**) are attached hereto. (Because this is a dispositive motion, the District need not request the plaintiff's consent.)

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

        /s/
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

        /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

July 26, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>       **Plaintiff,**<br><br>     v.<br><br>**DISTRICT OF COLUMBIA,**<br>       **Defendant.** | Civil Action No. 06-00128 RBW |

### DEFENDANT DISTRICT OF COLUMBIA'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant District of Columbia hereby submits the following Statement of Material Facts:

1. The plaintiff's complaint was filed on January 24, 2006.

2. The last day for plaintiff to have filed Affidavits of Service was one hundred twenty (120) days from the date of the filing of the Complaint -- May 24, 2006.

3. However, as of July 26, 2006, plaintiff has not filed any affidavits of service with the Court.

4. Plaintiff did not serve a D.C. Code § 12-309 notice on the District of Columbia. See the attached affidavit of Nadine Chandler Wilburn.

          Respectfully submitted,

          ROBERT J. SPAGNOLETTI
          Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

        /s/
_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

        /s/
_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

July 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>                       **Plaintiff,**<br><br>      v.<br><br>**DISTRICT OF COLUMBIA,**<br>                       **Defendant.** | Civil Action No. 06-00128 RBW |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

This Honorable Court should dismiss the plaintiff's complaint because (1) the plaintiff has failed to file mandatory affidavits of service within sixty days of filing his claim; and (2) the plaintiff has not satisfied the mandatory notice requirements of D.C. Code §12-309.

*Statement of Facts*

This case arises out of the following set of facts as alleged in the Complaint. Plaintiff's vehicle allegedly was stolen in 2002. Complaint, ¶ 4. At the time of the theft, plaintiff's vehicle was subject to a purchase money security interest. Complaint, ¶ 5. When the police, recovered plaintiff's vehicle, they held it for evidence. Complaint, ¶ 6. Plaintiff claims that in 2004, the police allegedly sold his vehicle without having provided prior notice to him or the lien holder. Complaint, ¶ 9.

The plaintiff's complaint was filed on January 24th, 2006. The last day for plaintiff to have filed Affidavits of Service was within 120 days of that date -- May 23rd, 2006; however, as of July 26th, 2006, plaintiff has not filed any Affidavits of Service with the Court. See the attached Docket Report, **Attachment 2.**

5

*Standard of Review*

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id*.

Fed. R. Civ. P. 4(j)(2) provides in pertinent part as follows:

> **(j) Service upon Foreign, State, or Local Governments.**
>
> \*          \*          \*
>
> (2) Service upon a state, municipal corporation, or other governmental organization subject of suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

The manner prescribed by the law of the District of Columbia for the service of summons or other like process upon any such defendant is contained in SCR-Civil Rule 4(j), which provides in pertinent part as follows:

>       (j) *Service upon the District of Columbia, an officer or agency thereof, or upon other government entities subject to suit.* (1) Service shall be made upon the District of Columbia by delivering (pursuant to paragraph (c )(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the district of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court.  In any action attacking the validity of an order of an officer or agency of the District of Columbia not made a party, a copy of the summons, complaint and initial order also shall be delivered or mailed to such officer or agency.  Service upon an officer or agency of the District of Columbia shall be made by delivering (pursuant to paragraph (c)(2)) or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor (or designee), the Corporation Counsel (or designee), and such other officer or agency.

Fed. R. Civ. P. 4(m) provides in pertinent part as follows:

>       **(m) Time limit for service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Pursuant to Fed. R. Civ. P. 12(b) (5), the defense of "insufficiency of service of process" may be made by motion.

Fed. R. Civ. P. 41(b) permits an involuntary dismissal of a case where the plaintiff fails to comply with the rules of this Court.

*Argument*

## I. PLAINTIFF'S COMMON LAW CLAIMS ARE BARRED BY THE MANDATORY NOTICE PROVISIONS OF D.C. CODE § 12-309.

The plaintiff's common law claims, including any negligence claims, are barred by the mandatory notice provisions of D.C. Code § 12-309. Pursuant to § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is strict, absolute, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District."

662 A.2d 1356, 1359 (D.C. 1995) (internal citations omitted).

The D.C. Court of Appeals has construed the requirements of § 12-309 strictly, holding that a plaintiff cannot satisfy the notice requirement by filing a civil complaint against the District within the six month period. The court noted that allowance of such an action would frustrate the purposes of § 12-309, because it would prevent the District from resolving a matter *before* it incurred the costs and difficulties of civil litigation. *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990).

According to the complaint, the plaintiff's injury occurred in 2004. (Complaint, ¶ 9.) The plaintiff's § 12-309 notice was due six months from the date of the injury. Although

8

plaintiff does not specify an exact date in 2004, defendant has never received a 12-309 notice from plaintiff. Despite diligent efforts, the District has been unable to locate any notice of the plaintiff's claim. (See **Attachment 2,** Affidavit of Nadine Chandler Wilburne.) Thus, the plaintiff clearly has not complied with the mandatory notice requirements of § 12-309. Because the plaintiff failed to comply with the mandatory notice requirements of § 12-309 before filing suit, all of his common law claims are barred, and must be dismissed with prejudice.

## II. THE PLAINTIFF HAS FAILED TO FILE AFFIDAVITS OF PROOF OF SERVICE

The plaintiff has failed to file Affidavits of Proof of Service herein. Here, the plaintiff filed his Complaint on January 24, 2006. His affidavits of service therefore were due, within 120 days of that date – May 23, 2006. Because there is no proof of service on the District of Columbia, plaintiff's Complaint should be dismissed.

### *Conclusion*

For all of the foregoing reasons, plaintiff's Complaint as to all common law claims should be dismissed, and plaintiff directed to file Affidavits of Proof of Service immediately.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

   /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South

Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

July 26, 2006