IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant has failed to satisfy the requirements for summary judgment under Fed. R. Civ. P. 56(c). Under that rule, summary judgment properly lies in favor of the moving party only upon the twin showing "that there is no genuine issue as to any material fact" and "that the moving party is entitled to a judgment as a matter of law". Irrespective of whether a genuine issue of material fact exists in the instant case, Defendant's arguments in support of summary judgment fail as a matter of law. It has waived the defense of insufficient service of process, and any failure to give notice that may be required under District of Columbia law for common law claims is not a bar to Plaintiff's federal claim. Accordingly the motion for summary judgment must be denied.

Defendant's request for dismissal under Rule 12(b)(5) for insufficiency of service of process is foreclosed by Fed. R. Civ. P. 12(h)(1) and Fed. R. Civ. P. 12(g). Under Rule 12(g), a party that makes a pre-answer motion to dismiss under Rule 12 but omits from that motion any defense that could be made by motion under Rule 12 may not make a subsequent motion presenting that defense (except as allowed by Rule 12(h)(2)). Rule 12(h)(1) further provides that

if a party omits the defense of insufficient service of process from a motion asserting another defense under Rule 12, then that defense is waived.

Accordingly, Defendant has waived any defense that service of process is insufficient. Defendant previously filed a motion to dismiss under Rule 12(b)(1), and the Court subsequently denied that motion. If Defendant felt that service (which had already occurred) was somehow deficient, then Defendant had the option of including that defense in the prior motion to dismiss. Because Defendant failed to include the defense of insufficient service of process in that motion, Defendant waived that defense and is barred from asserting the defense through a second motion.

While Defendant refers to Fed. R. Civ. P. 4(m), that rule is not applicable. That rule applies where service is not made within 120 days after filing the complaint. In the instant case, however, Defendant was served. The best evidence of the service, of course, is Defendant's response to the complaint through a motion to dismiss for lack of subject matter jurisdiction.

Rules 12(h)(1) and 12(g) are intended to foreclose precisely the type of dilatory seriatim motions that Defendant has filed. Moreover, Defendant has previously appeared in this action and contested jurisdiction. Obviously Defendant was served. For the Defendant now to argue that it was not properly served is absurd. Since the defense of insufficient service of process is no longer available to Defendant, Defendant's argument for summary judgment because of such insufficiency is legally erroneous and does not support summary judgment.

Defendant's argument that D.C. Code § 12-309 bars Plaintiff's claim is equally without merit. As a preliminary matter, the motion for summary judgment on that ground is facially inadequate. Under Fed. R. Civ. P. 56(e) an affidavit submitted in support of a motion for summary judgment must "be made on personal knowledge". The affidavit submitted in support

of the motion for summary judgment recites only that it "is true and accurate to the best of [the affiant's] knowledge, information, and belief". Accordingly, that affidavit does not provide a basis for summary judgment.

In any event, the motion for summary judgment on the ground of purported lack of compliance with D.C. Code § 12-309 fails as a matter of law regardless of what the facts are. A local law defense, such as that provided by § 12-309, is insufficient to defeat a federal claim. See Martinez v. California, 444 U.S. 277, 284 n. 8 (1980). Defendant persists in mischaracterizing Plaintiff's claim as "common law claims". In response to the same disingenuous argument in Defendant's prior motion to dismiss for lack of subject matter jurisdiction, the Court in its order denying that motion acknowledged that Plaintiff's claims arose under the Due Process Clause of the United States Constitution. Plaintiff's claims are thus pursuant to 42 U.S.C. § 1983, which provides a remedy for a violation of such constitutional rights. "[W]ell settled case law holds that section 12-309 does not apply to the plaintiff's alleged deprivation of constitutional rights in violation of 42 U.S.C. § 1983". Day v. D.C. Dep't of Consum. & Regul. Affairs, 191 F. Supp. 2d 154, 158 (D.D.C. 2002); accord, Daskalea v. District of Columbia, 227 F.3d 433, 446 (D.C. Cir. 2000). Defendant, therefore, has no right to summary judgment irrespective of compliance with § 12-309.

As the previous discussion demonstrates, Defendant's motion for summary judgment is frivolous. This type of filing, which is completely without merit, is a disappointing one from any attorney general's office. While Plaintiff believes that the filing violates Fed. R. Civ. P. 11(b)(2), Plaintiff has elected not to pursue relief under that rule because the preparation of such a motion might require more time than that for preparing the opposition and Plaintiff believes

that the best course is to enter a default against Defendant (for reasons other than violation of Rule 11) without becoming mired in satellite litigation. The Court is undoubtedly aware, however, that it may address Defendant's motion pursuant to Fed. R. Civ. P. 11(c)(1)(B). In any event, Plaintiff requests that the Court enter the attached order denying the motion.

    Respectfully submitted,

    /s/Ernest P. Francis
    Ernest P. Francis
    DC Bar No. 439894
    ERNEST P. FRANCIS, LTD.
    1655 North Fort Myer Drive
    Suite 700
    Arlington, VA  22209
    (703) 683-5696
    Fax (703) 683-2785
    E-mail: epfltd@verizon.net

    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

Upon Defendant's Motion for Summary Judgment, the opposition of Plaintiff thereto, and in consideration of the record in this action, it is hereby

ORDERED that Defendant's Motion for Summary Judgment is DENIED.

_____              _____
Date                                                                          Reggie B. Walton
                                                                                    United States District Judge