IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT

Pursuant to Fed. R. Civ. P. 55(a), Plaintiff requests the entry of a default against Defendant because Defendant has failed to file an answer within the time allowed by this Court's previous order. Pursuant to Local Rule 7(a), a memorandum of points and authorities in support of this motion is submitted herewith together with the draft order required under Local Rule 7(c).

Respectfully submitted,

/s/Ernest P. Francis
Ernest P. Francis
DC Bar No. 439894
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA  22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfltd@verizon.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

|  |  |  |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT

As the following discussion demonstrates, Defendant's refusal to file an answer in this case constitutes a failure to plead as required not only by the Federal Rules of Civil Procedure but by this Court's prior order. Accordingly, Plaintiff requests the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a) because of the lack of an answer from Defendant. While that rule speaks of the clerk entering a default, a judge can do whatever a clerk can do.

This Court's order of June 26, 2006 required Defendant to file an <u>answer</u> within 30 days after entry of the order. On July 26, Defendant filed a frivolous motion for summary judgment, and Plaintiff has opposed that. Defendant has still not filed its answer in response to the allegations of the complaint.

Notwithstanding the Court's unambiguous instruction that Defendant file an answer within 30 days, Defendant has failed to file an answer. Instead, it has filed a motion for summary judgment. That motion satisfies neither the applicable rule nor this Court's order. Under Fed. R. Civ. P. 12(a)(4)(A), Defendant was required to file a "responsive pleading" following the Court's denial of Defendant's motion to dismiss for lack of subject matter

jurisdiction.  What constitutes a "responsive pleading" for purposes of this rule is defined in Fed. R. Civ. P. 7(a), which provides that no pleading other than those specified shall be allowed.  A motion for summary judgment is not a pleading under Rule 7(a), <u>In re Zweibon</u>, 565 F.2d 742, 747 (D.C. Cir. 1977).  Similarly, a motion is not a responsive pleading as that term is used in the Federal Rules of Civil Procedure.  <u>McLellan v. Mississippi Power & Light Co.</u>, 526 F.2d 870, 872 n. 2 (1976).  Defendant's motion for summary judgment is therefore not the responsive pleading that it was obligated to file.  This is undoubtedly why the Court in its June 26 order required Defendant to file an <u>answer</u> within 30 days following the order.

Since Defendant has failed to plead as required not only by the rules but by this Court's order, Rule 55(a) therefore mandates entry of a default against Defendant.  As the following discussion demonstrates, the entry of a default is justified for several reasons.

First, Defendant has acted willfully in defying the court's order that it file an answer. Even if Defendant was unaware of the provisions of Rules 7(a) and 12(a)(4)(A), this Court's order left no doubt as to what Defendant was required to do.  Defendant has therefore intentionally refused to act in conformity with the rules.

Second, Defendant's motion for summary judgment results in delay.  Because no answer has been filed, the commencement of discovery has been postponed.

Third, a need also exists to deter future misconduct by Defendant. If Defendant is making frivolous motions in defiance of the Court's orders at this early stage of the case, then one must consider what it will do at some later stage of the case. If no consequence attaches to Defendant's disregard of both the rules and the Court's orders, then no incentive exists to insure that Defendant complies with both in the future. Moreover, the message that such a lack of consequence sends to Defendant is that such conduct is permissible in other cases.

Fourth, considerations of fairness support what Plaintiff is now requesting. Summary judgment properly lies against a plaintiff seeking relief under § 1983 when the plaintiff fails to respond to the District of Columbia's arguments in a motion for summary judgment. See, e.g., Harrison v. District of Columbia, Civil Action No. 00-3008 (RBW), 2006 U.S. Dist. Lexis 17936 at *18-19 (D.D.C., Apr. 10, 2006). Likewise, fairness would dictate similar relief against the District of Columbia when it has willfully failed to respond to the allegations of a plaintiff's complaint. Plaintiff at bar is asking for nothing more against the District than what the District has requested against other plaintiffs.

Fourth, the impact of entry of a default upon Defendant is comparatively minor. Defendant's frivolous motion for summary judgment shows that it has no legitimate defense to Plaintiff's claim. Even if Plaintiff has provable damages in the amount of $50,000 as claimed in the ad damnum clause of the complaint, the payment of that amount would hardly represent a financial hardship for the District of Columbia.

For the foregoing reasons, Defendant is now in default. Plaintiff therefore asks that the court enter that default as provided in the attached order.

          Respectfully submitted,

          /s/Ernest P. Francis
          Ernest P. Francis
          DC Bar No. 439894
          ERNEST P. FRANCIS, LTD.
          1655 North Fort Myer Drive
          Suite 700
          Arlington, VA  22209
          (703) 683-5696
          Fax (703) 683-2785
          E-mail: epfltd@verizon.net

          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

| | |
|---|---|
| MELVIN ANTONIO CANDIDO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-00128 RBW |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER ENTERING DEFAULT AGAINST DEFENDANT

Upon Plaintiff's Motion for Entry of Default Against Defendant, the opposition of Defendant thereto, if any, and in consideration of the record in this action, it is hereby

ORDERED that a default is entered against Defendant; and

FURTHER ORDERED that the clerk shall set this matter for a hearing to determine Plaintiff's damages.

Date

Reggie B. Walton
United States District Judge