IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**DISTRICT OF COLUMBIA,**<br>　　　　　　　**Defendant.** | Civil Action No. 06-00128 RBW |

### DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On July 26, 2006, and pursuant to Fed. R. Civ. P. 56, defendant District of Columbia moved for summary judgment. The grounds for the Motion for Summary Judgment were that plaintiff failed to serve the proper designees of service for the District of Columbia within one hundred twenty (120) days of the filing of the Complaint and plaintiff failed to satisfy the mandatory notice provisions of D.C. Code § 12-309.[1]

The plaintiff's complaint was filed on January 24th, 2006. The last day for plaintiff to serve the District was within 120 days of that date -- May 23rd, 2006; however, as of August 18th, 2006, plaintiff has not filed any Affidavits of Service with the Court. In addition, plaintiff's Opposition does not state that he served one of the designees of the mayor, but merely that the District must have been served as the undersigned counsel filed a Motion to Dismiss on February 24, 2006 based upon jurisdiction. (Opposition, page 2.)

---

[1] In support of this contention, defendant attached the affidavit of Nadine Chandler Wilburn to its Motion for Summary Judgment.

### I.    Plaintiff Has Failed to Support His Argument That Defendant Has Waived Its Defense of Insufficient Service of Process.

On page 1 of his Opposition, plaintiff makes the conclusory statement that defendant has waived its defense of insufficient service of process because defendant did not include it in its Motion to Dismiss based on jurisdiction of February 24, 2006; however, plaintiff offers no supporting arguments to this effect. A crucial fact that plaintiff fails to mention is that the 120 days from the date of the filing of the Complaint (January 24, 2006), within which plaintiff had to effectuate service had not yet elapsed, and thus, a motion, which alleged that plaintiff had not effected service within the allotted 120 days' time, would have been premature.

Plaintiff's interpretation of the interrelationship between Fed. R. Civ. P. 12(g) and 12(h) is fallacious in that he does not fully consider the factors which would prevent a waiver of the defense of insufficiency of service of process. For example, Fed. R. Civ. P. 12(g) provides that – "If a party makes a motion under this rule but omits therefrom any defense or objection *then available to the party* which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." Emphasis added. Defendant's motion regarding plaintiff's failure to effectuate service had not ripened, when defendant filed its initial Motion to Dismiss on February 24, 2006, inasmuch as plaintiff's 120 days for service had not run; thus, this was not available to defendant as a pre-answer motion.

## II. Plaintiff's Contention That Possession of the Complaint by Defendant Is Evidence of Proper Service by Plaintiff Is an Invalid Argument That Ignores the Rules of Service.

Plaintiff's Opposition appears to argue that the District must have been properly served inasmuch as the undersigned counsel filed a Motion to Dismiss. However, this is not evidence of proper service under the rules. Fed. R. Civ. P. 4(j)(2) provides in pertinent part as follows:

> **(j) Service upon Foreign, State, or Local Governments.**
>
> \*               \*               \*
>
> (2) Service upon a state, municipal corporation, or other governmental organization subject of suit shall be effected by delivering a copy of the summons and of the complaint to its *chief executive officer* or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant. (Emphasis added.)

The manner prescribed by the law of the District of Columbia for the service of summons or other like process upon any such defendant is contained in SCR-Civil 4(j), which provides for service upon the mayor and the Attorney General. Plaintiff's Opposition lacks any statement that he served one of the designees of the mayor. Just because defendant has a copy of the Complaint, even if received from plaintiff, does not prove proper service. The Court requires proper service within a prescribed time. Plaintiff has failed to abide by this. One can only infer that service was improper inasmuch as plaintiff to this day has not filed the required affidavits. Defendant does not concede proper service just because it has a copy of the Complaint.

## III. Plaintiff's Arguments Regarding §12-309 Are Specious.

Pursuant to the mandatory notice provisions of title 12 D.C. Official Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate

3

time, place, cause, and circumstances of the injury or damage.[2]

Plaintiff has failed to meet the requirement of §12-309 as to his unliquidated damages and as to the six (6) months' time within which he had to file notice pursuant to §12-309. Plaintiff contends that § 12-309 is inapplicable herein because he seeks an alleged liquidated sum, that is, a specific amount, $50, 000.00, plus costs, in the Complaint.

Because a plaintiff has a specific sum in mind that he wants does not make the damages in a case liquidated. Liquidated damages are defined thusly, "The term is applicable when the amount of the damages has been ascertained by the judgment in the action, or when a specific sum of money has been expressly stipulated by the parties to a bond or other contract as the amount of damages to be recovered by either party for a breach of the agreement by the other." *Stein v. Bruce*, 366 S.W.2d 732, 735 (1963), as quoted in Black's Law Dictionary, 6th ed., page 391.

Defendant will dispute plaintiff's alleged damages. Plaintiff's damages are unliquidated, that is, "such as are not yet reduced to a certainty in respect of amount, nothing more being established than the plaintiff's right to recover; or such as cannot be fixed by a mere mathematical calculation from ascertained data in the case." Black's Law Dictionary, 6th ed., page 393. Perhaps plaintiff is pursuing this case as a federal claim and wants to categorize his

---

[2] The requirement of compliance with the time limit specified in § 12-309 is strict, absolute, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:
> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and compliance with its terms is "mandatory as a prerequisite to filing suit against the District."

662 A.2d 1356, 1359 (D.C. 1995) (internal citations omitted).

The D.C. Court of Appeals has construed the requirements of § 12-309 strictly, holding that a plaintiff cannot satisfy the notice requirement by filing a civil complaint against the District within the six month period. The court noted that allowance of such an action would frustrate the purposes of § 12-309, because it would prevent the District from resolving a matter *before* it incurred the costs and difficulties of civil litigation. *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990).

4

damages as liquidated because he failed to file his § 12-309 notice, which is required in situations, such as this, of unliquidated damages.

### IV. Plaintiff Filed His Opposition Late.

Defendant's Motion for Summary Judgment should be considered conceded because plaintiff filed his Opposition to Defendant's Motion for Summary Judgment late. It was untimely because defendant filed its motion on July 26, 2006, whereas plaintiff filed his Opposition on August 10, 2006, fifteen (15) days later. Fed. R. Civ. P. 6 permits eleven days for an opposition, and even adding 3 mailing days (which were not applicable here), fourteen days was the maximum time allowable. Plaintiff did not request an extension of time. Plaintiff's insinuations regarding sanctions would seem to apply to him.

### V. Conclusion

For all of the foregoing reasons, summary judgment should be granted for defendant.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

    /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov