## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MELVIN ANTONIO CANDIDO,
                                    Plaintiff,


                v.                                    Civil Action No. 06-00128 RBW


DISTRICT OF COLUMBIA,
                            Defendant.

## DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendant District of Columbia hereby submits the following Opposition to plaintiff's Motion for an Entry of Default against the District of Columbia.

### *Argument*

**I.    PLAINTIFF SHOULD NOT BE GRANTED A DEFAULT JUDGMENT WHERE DEFENDANT IS TIMELY EXERCISING ALL LEGAL DEFENSES AVAILABLE TO IT.**

**A.    Defendant Is Entitled to Use Every Defense Available to It.**

Plaintiff cannot dictate that the defendant file an Answer to his Complaint when the defendant has an available defense and asserts it.  On July 26, 2006, and pursuant to Fed. R. Civ. P. 56, defendant District of Columbia moved for summary judgment in response to plaintiff's Complaint.  The grounds for the Motion for Summary Judgment were that plaintiff failed to serve the proper designees of service for the District of Columbia within one hundred twenty (120) days of the filing of the Complaint and plaintiff failed to satisfy the mandatory notice provisions of title 12 D.C. Official Code § 12-309.[1]

---

[1] In support of this contention, defendant attached the affidavit of Nadine Chandler Wilburn to its Motion for Summary Judgment.

The plaintiff's Complaint was filed on January 24th, 2006.  The last day for plaintiff to serve the District was within 120 days of that date -- May 23rd, 2006; however, as of August 25th, 2006, plaintiff has not filed any Affidavits of Service with the Court.  In addition, plaintiff's Opposition to Defendant's Motion for Summary Judgment does not state that he served one of the designees of the mayor, but merely that the District must have been served as the undersigned counsel filed a Motion to Dismiss on February 24, 2006 based upon jurisdiction. (Opposition, page 2.)

### B.    Plaintiff Has Failed to Support His Argument That Defendant Must File an Answer because It Has Waived Its Defense of Insufficient Service of Process.

Plaintiff contends that defendant waived its defense of insufficient service of process because defendant did not include that defense in its Motion to Dismiss of February 24, 2006, which was based on jurisdiction.  A crucial fact that plaintiff fails to mention in his argument is that the 120 days from the date of the filing of the Complaint (January 24, 2006), within which plaintiff had to effectuate service, had not yet elapsed, and thus, a motion, which alleged that plaintiff had not effected service within the allotted 120 days' time, would have been premature.

Plaintiff's interpretation of the interrelationship between Fed. R. Civ. P. 12(g) and 12(h) is erroneous in that he does not fully consider the factors which would prevent a waiver of the defense of insufficiency of service of process.  For example, Fed. R. Civ. P. 12(g) provides that – "If a party makes a motion under this rule but omits therefrom any defense or objection *then available to the party* which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."  Emphasis added.  Defendant's motion regarding plaintiff's failure to effectuate service had not ripened when defendant filed its initial Motion to Dismiss on February 24, 2006, inasmuch as plaintiff's 120 days for service had

not run; thus, this defense of plaintiff's failure to fie affidavits of service was not available at that time to defendant as a pre-answer motion.

> **C.  Defendant Also Does Not Have to File the Answer That Plaintiff Is Demanding because Plaintiff Did Not Properly Serve the District, and Plaintiff Did Not Give a § 12-309 Notice to the District.**

> **1.  Failure to Properly Serve the Initial Order, Summons and Complaint**

Plaintiff contends that the District must have been properly served inasmuch as the undersigned counsel filed a previous Motion to Dismiss. However, this ignores the rules of service because it is not evidence of proper service under the rules. Fed. R. Civ. P. 4(j)(2) provides in pertinent part as follows:

> **(j) Service upon Foreign, State, or Local Governments.**

> \*                    \*                    \*

> (2) Service upon a state, municipal corporation, or other governmental organization subject of suit shall be effected by delivering a copy of the summons and of the complaint to its *chief executive officer* or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant. (Emphasis added.)

The manner prescribed by the law of the District of Columbia for the service of summons or other like process upon any such defendant is contained in SCR-Civil 4(j), which provides for service upon the mayor and the Attorney General. Plaintiff's Opposition lacks any statement that he served one of the designees of the mayor. Just because defendant's attorney has a copy of the Complaint, even if received from plaintiff, does not prove proper service. The Court requires proper service within a prescribed time. Plaintiff has failed to abide by this. Defendant, therefore, does not concede proper service just because it has a copy of the Complaint.

### 2.    Failure to Provide a § 12-309 Notice to the District

Plaintiff's claims against the District of Columbia also should be dismissed for failure to comply with the notice requirements under title 12 D.C. Official Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

In order to maintain an action against the District of Columbia, the plaintiff must "within six months after the injury or damage was sustained" give written notice to the Mayor of the District of Columbia of "the approximate time, place, cause and circumstances of the injury or damage." D.C. Code § 12-309. "This section . . . 'impose[s] a notice requirement on everyone with a tort claim against the District of Columbia . . . .'" *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999), quoting *District of Columbia v. Dunmore*, 662 A.2d 1356, 1358 (D.C. 1995). As the District of Columbia Court of Appeals has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and "notice under § 12-309 is a 'condition precedent' to filing a suit against the District." *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981).

Plaintiff has failed to meet the requirement of §12-309 as to his unliquidated damages and as to the six (6) months' time within which he had to file notice pursuant to §12-309. Plaintiff contends that § 12-309 is inapplicable herein because he seeks an alleged liquidated sum, that is, a specific amount, $50,000.00, plus costs, in the Complaint. Because a plaintiff has a specific sum in mind that he wants does not make the damages in a case liquidated. Liquidated damages are defined thusly, "The term is applicable when the amount of the damages has been ascertained by the judgment in the action, or when a specific sum of money has been expressly

stipulated by the parties to a bond or other contract as the amount of damages to be recovered by either party for a breach of the agreement by the other." *Stein v. Bruce*, 366 S.W.2d 732, 735 (1963), as quoted in Black's Law Dictionary, 6th ed., page 391.

Defendant will dispute plaintiff's alleged damages, such as the value of his automobile. Plaintiff's damages are unliquidated, that is, "such as are not yet reduced to a certainty in respect of amount, nothing more being established than the plaintiff's right to recover; or such as cannot be fixed by a mere mathematical calculation from ascertained data in the case." Black's Law Dictionary, 6th ed., page 393. A § 12-309 notice is required in situations, such as this, of unliquidated damages.

### *Conclusion*

For all of the foregoing reasons, plaintiff's Motion for an Entry of Default against the District of Columbia should be denied.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

August 25, 2006