IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBA

| | | |
|---|---|---|
| MELVIN ANTONIO CANDIDO, | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 06-00128 RBW |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant. | ) | |

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendant's filing entitled "Defendant District of Columbia's Opposition to Plaintiff's Motion for Entry of Default" ("Opposition to Default") is most significant for what it does not say. Defendant does not deny that this Court previously ordered Defendant to file an answer following the Court's denial of Defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant also cannot dispute that the Court's order requiring it to file an answer was merely reflective of Fed. R. Civ. P. 12(a)(4)(A), which requires a responsive pleading following denial of a motion to dismiss. Since the only responsive pleading available to Defendant following denial of its motion to dismiss was an answer, Defendant - just like any other defendant who refuses to file an answer within the time set for doing so - is in default under Rule 55(a) for failing to file that answer since it has failed to plead as provided by the rules (and this Court's order). Either a clerk or judge may enter a default against a defendant, Capital Yacht

Club v. Vessel Aviva, 228 F.R.D. 389, 393 (D.D.C. 2005) (quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980)), and Defendant has failed to show any reason why this Court should not enter a default against it.[1]

Defendant's argument that it should not suffer a default because it has defenses that it has asserted through its motion for summary judgment is without merit.  Not surprisingly, Defendant cites not a shred of authority in support of its position that assertion of defenses through a motion for summary judgment is just as good as an answer.  Assuming arguendo that Defendant has the defenses it claims, the existence of those defenses does not justify refusal to file an answer.  Nothing prevented Defendant from filing an answer and motion for summary judgment simultaneously.  Instead , the reason Defendant refused to do so at bar is to obtain the benefit of delay from the absence of an answer in the Court's file.  Moreover, Defendant's argument that the existence of defenses excuses a default is refuted by the case law on vacating defaults.  A party is not entitled to vacate a default merely because of a meritorious defense; instead a court must consider three factors in deciding whether to vacate a default under Fed. R. Civ. P. 55(c) : "(1) whether the default was willful, (2) whether the set aside would prejudice plaintiff, and (3) whether the Defendant has presented a meritorious defense."  Capital Yacht Club, 228 F.R.D. at 393; accord, Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  None of these three factors are present in the instant case, and accordingly Defendant has no right to relief from what it does not deny is its default.

---

[1] If the Court elects not to enter a default against Defendant, it has the option of awarding Plaintiff's attorneys fees against Defendant.  See Harris v. District of Columbia, 159 F.R.D. 315, 317 (D.D.C. 1995).  Such fees could include those incurred to prepare the opposition to Defendant's motion for summary judgment as well as those for preparing the motion for default and this reply.  See id. at 317 n. 3.

A.  Defendant's Purported Defenses Are Not Meritorious Because They Fail as a Matter of Law

The twin defenses that Defendant has presented in its improper motion for summary judgment are well short of meritorious.[2]  To be meritorious as required for vacating a default judgment, a defense must be legally viable "so as to give the factfinder some determination to make."  International Painters & Allied Trades Union and Indus. Pens. Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 28 (D.D.C. 2003).  As Plaintiff previously demonstrated in his opposition to Defendant's motion for summary judgment, the contentions that Defendant has advanced in support of summary judgment fail as a matter of law.  Accordingly, they are not a basis for vacating Defendant's default.

While Defendant's attempt to present the defense of improper service through a motion for summary judgment is procedurally improper since that defense cannot be presented through such a motion, see United States v. Marple Community Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971), Defendant has waived that defense in numerous ways regardless of how it is presented.  First, a party who has appeared in an action waives service through that appearance.  See Creighton v. Kerr, 87 U.S. (20 Wall.) 8, 12 (1874).  The rationale for this principle is that formal service upon a party who has already appeared in an action is a meaningless gesture.  In the instant case, Defendant advances not the slightest suggestion as to how the procedural posture of this case would be the least bit different even if Plaintiff had effected the formal service that

---

[2] In order to insure that a Defendant's defenses are indeed meritorious, Local Rule 7(g) requires a verified answer with any motion to vacate a default.  Defendant has submitted not submitted such an answer.

Defendant advocates. Accordingly, Defendant waived service when it appeared to contest subject matter jurisdiction.

Second, a party waives the defense of lack of service through filing a motion for summary judgment seeking judgment on the merits. See In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1236 (3d Cir.), cert. denied, 513 U.S. 915 (1994), Marshall v. Park Plaza Condominium Ass'n, Civil Action No. 98-2912, 1999 U.S. Dist. LEXIS 13666 at *6 (E.D. Pa., Sept. 3, 1999). Defendant's motion for summary judgment at bar seeks judgment not only on the ground of lack of proper service but also judgment on the merits because of what Defendant portrays as Plaintiff's failure to comply with D.C. Code § 12-309. Irrespective of the validity of Defendant's argument as to its right to judgment under § 12-309, Defendant's request for judgment on the merits under that section waived the defense of lack of service.

While Defendant contends that its appearance to contest subject matter jurisdiction did not waive the defense of lack of service because that defense was not "available" to it under Fed. R. Civ. P. 12(g), the question which this argument poses is exactly how Defendant became aware of the Plaintiff's lawsuit prior to filing its motion to dismiss for lack of subject matter jurisdiction. Undoubtedly, Defendant became aware of that lawsuit through service; one has difficulty believing that Defendant would have filed any response absent what it regarded as service sufficient to trigger an obligation to respond. Since service occurred, Defendant was necessarily aware of any inadequacies in that service and could have presented the defense of improper service precisely where it belonged - in a motion to dismiss rather than one for summary judgment. Accordingly, the defense of improper service was available to Defendant at

the time it filed its motion attacking subject matter jurisdiction, and Defendant waived it by omitting the defense from its motion to dismiss.

Defendant's second argument, that Plaintiff's complaint is barred by D.C. Code § 12-309, is equally without merit. Defendant argues that "[p]laintiff contends that § 12-309 is inapplicable herein because he seeks an alleged liquidated sum, that is, a specific amount, $50,000, plus costs, in the Complaint". Opposition to Default at 4. That is a blatant mischaracterization of Plaintiff's position. Put simply, Plaintiff's argument is that a <u>state law defense</u> such as § 12-309 is insufficient as a matter of law to defeat a <u>federal claim</u>. Accordingly,

§ 12-309 does not constitute a meritorious defense.

While Defendant argues that it will dispute Plaintiff's damages, Opposition to Default at 5, that is not a meritorious defense capable of excusing default. To be adequate to excuse a default, a defense must be a complete defense, <u>Int'l Painters</u>, 288 F. Supp. 2d at 28, and a mere argument as to damages is not such a defense. Moreover, Defendant can present any argument as to damages at a hearing on damages following the entry of a default against it; the order that Plaintiff has submitted with its motion for entry of default provides for a hearing on damages once the Court enters the default requested.

      B.      Because Defendant Has Deliberately Defied This Court's Order Requiring that It File an Answer, Its Default Is Willful

Defendant's default is nothing less than willful. This Court's prior order required Defendant to file an answer. Defendant does not contend that it was unaware of that order and that the failure to file an answer was inadvertent. Instead, Defendant's default at bar is the direct result of its deliberate non-compliance with that order.

This is part of a pattern of disregard by Defendant of this court's rules. For instance in Defendant's reply to Plaintiff's opposition to its motion for summary judgment, Defendant argued that Plaintiff's opposition to that motion was untimely. At best, this reflects Defendant's lack of awareness of the changes which became effective last December in Fed. R. Civ. P. 6. Under Fed. R. Civ. P. 6(a), Plaintiff's opposition to the motion for summary judgment was not due until August 7, since the last day of the 11 day period for a response was on August 5 (a Saturday). Under Fed. R. Civ. P. 6(e), three extra days were added after August 7 pursuant to Fed. R. Civ. P. 5(b)(2)(D). Defendant's suggestion that this Court's adoption of electronic filing eliminated the three extra days that attorneys always had with mail service is wrong. Accordingly the response was due on August 10 - the very day that Plaintiff filed his opposition. That opposition was therefore timely, and Defendant's assertion to the contrary is totally erroneous.

    C.    To the Extent that Prejudice to Plaintiff Is Necessary to Sustain the Entry of Default Against Defendant, Plaintiff Faces Such Prejudice

Finally, the specter of prejudice to Plaintiff is palpable. Prejudice resulting from delay such as that caused by Defendant's frivolous motion for summary judgment in lieu of an answer may include loss of evidence and increased difficulties of discovery. Capital Yacht Club, 228 F.R.D. at 394. In the instant case, the delay in discovery as a result of Defendant's refusal to file an answer not only results in loss of evidence but the inability to join additional parties (revealed through discovery) before the statute of limitations runs.

In any event, the absence of prejudice to the Plaintiff does not prevent entry of a default judgment when the Defendant's actions have been willful and the Defendant has no meritorious defense. See Int'l Painters, 288 F. Supp. 2d at 31. Thus defaults have been sustained against

Defendant and its officials previously notwithstanding the absence of prejudice to the plaintiff. See Sir Charles 2X (Cox) v. District of Columbia, Civ. Action No. 90-1691-LFO, 1999 U.S. Dist. LEXIS 16731 at *12-13 (D.D.C., Dec. 4, 1990), Whittaker v. District of Columbia, 228 F.R.D. 378, 380 (D.D.C. 2005).  Accordingly default properly lies against Defendant regardless of prejudice to Plaintiff.

## CONCLUSION

A default against Defendant is more than justified at bar.  The failure to attach any sanction to Defendant's refusal to comply with this Court's order and rules invites further violation of those orders and rules not only in this case but in other cases as well.  Moreover, Plaintiff is asking for nothing more than Defendant seeks against this plaintiff and others.  As noted previously, Defendant has argued (incorrectly) that Plaintiff conceded Defendant's motion for summary judgment through the failure to timely file an opposition.  Plaintiff is asking only that the Court turn on Defendant those same proverbial guns that Defendant directed at Plaintiff.  Because Defendant has willfully failed to file a timely answer, it has conceded the allegations of Plaintiff's complaint.  Defendant lacks any defense to the federal claim stated in that complaint and will suffer comparatively little prejudice from a default due to the comparatively modest

relief that Plaintiff has sought through his complaint. Accordingly, Plaintiff requests entry of Defendant's default.

          Respectfully submitted,

          /s/Ernest P. Francis
          Ernest P. Francis
          DC Bar No. 439894
          ERNEST P. FRANCIS, LTD.
          1655 North Fort Myer Drive
          Suite 700
          Arlington, VA  22209
          (703) 683-5696
          Fax (703) 683-2785
          E-mail: epfltd@verizon.net

          Attorney for Plaintiff