# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| MELVIN ANTONIO CANDIDO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No: 06-00128 (RBW) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant | ) |
| | ) |

_____

## MEMORANDUM OPINION

On January 24, 2006, the plaintiff commenced this action challenging the District of

Columbia's ("District") sale of the plaintiff's vehicle without notice to him on the ground that the

sale violated the Due Process Clause of the United States Constitution.  Complaint ("Compl.") ¶

10.  Currently before this Court is the District's Motion for Summary Judgment with supporting

memoranda ("Def.'s Mot. for Summ. J.") and  the plaintiff's Motion for Entry of Default Against

Defendant ("Pl.'s Mot. for Default").[1]  Upon consideration of the parties' motions, the Court

concludes that both motions must be **denied**.

## I. Background

In 2002, the plaintiff's car was stolen by an unknown person or persons.  Compl. ¶ 4.  At

the time of the theft, the plaintiff's vehicle was subject to a purchase money security interest.  Id.

at ¶ 5.  The plaintiff's vehicle was later recovered by the police department who refused to return

---

[1] Also submitted in conjunction with these motions are the plaintiff's Memorandum of Points
and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n to Summ.
J."); the District's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment
("Def.'s Reply for Summ. J."); the District's Opposition to Plaintiff's Motion for Entry of Default
("Def.'s Opp'n to Default"); and  the plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion
for Entry of Default ("Pl.'s Reply for Default").

it to him on the grounds that they "needed it as evidence." Id. at ¶ 6.  In 2004, the police

allegedly sold the vehicle without contacting the plaintiff, even though he had provided the

police with his contact information.  Id. at ¶¶ 7, 9.  On January 24, 2006, the plaintiff brought this

civil action against the District to recover money damages pursuant to 28 U.S.C. § 1343 for

allegedly selling his car without providing him notice of the sale.  Compl. ¶¶ 1, 10.

On February 14, 2006, the District filed a motion to dismiss this action for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), claiming that the plaintiff's suit was

based on negligence and thus did not amount to a federal due process claim.  Defendant's

Memorandum of Points and Authorities in support of Its Motion to Dismiss at 5-8.  This Court

disagreed, holding that a claim asserting that one's property was sold without notice to him does

implicate the Due Process clause resulting in this Court having jurisdiction over the claim

pursuant to 28 U.S.C. § 1343(a)(3).  June 26, 2006 Order at 2.  With the denial of that motion,

this Court ordered the District to file an answer to the plaintiff's complaint by July 26, 2006.  Id.

On July 26, 2006, however, the District filed a motion for summary judgment, asserting

that the plaintiff (1) failed to serve the proper District officials– the Mayor and the Attorney

General of the District of Columbia– as required by Superior Court Rule of Civil Procedure 4(j)

and (2) failed to satisfy the mandatory notice provisions of D.C. Code § 12-309 by not notifying

the Mayor and Attorney General for the District of his claim.[2]   Def.'s Mot. for Summ. J. at 1, 6-

---

[2] It appears to the Court that the District equates the requirements of § 12-309 with the proper
manner in which the District may be served process pursuant to Rule 4 of the Federal Rules of Civil
Procedure.  Def.'s Mot. For Summ. J. at 6-7.  And, while the District asserts as grounds for its
insufficient service of process argument both Federal Rule of Civil Procedure 4(j) and D.C. Code § 12-
309, the District ultimately calls for the dismissal of this action for non-compliance with § 12-309.  Id. at
9.

7, 9.   In response, the plaintiff contends that (1) "any failure to give notice required by District of Columbia common law is not applicable to the plaintiff's federal claim," Pl's Opp'n to Summ. J. at 1, and (2) the District waived the defense of insufficient service of process.  Id. at 2.

On August 16, 2006, three weeks after the District filed its motion for summary judgment, the plaintiff filed a motion for entry of a default against the District, claiming that the District's motion for summary judgment did not comply with the Court's order requiring the District to file a "responsive pleading."  Pl.'s Mot. for Default at 1.  And, the plaintiff characterizes the District's actions as a "willful" disregard of the Court's order.  Pl.'s Reply for Default at 5.  Further, the plaintiff maintains that the District's litigation tactic has delayed the progression of this case, which should thereby result in the entry of a default against the defendant.  Id. at 2.

## II.  Standard of Review

### A.  Motion for Entry of Default under Rule 55

When a defendant fails to defend his case appropriately or otherwise engages in dilatory tactics, the plaintiff may invoke the court's power to enter a default judgment by first seeking the entry of a default.  See Fed. R. Civ. P. 55(a); Peak v. District of Columbia, No. 05-1928, 2006 WL 1349219, at * 1 (D.D.C. May 17, 2006) (citing Keegel v. Key W. & Caribbean Trading Co., 627 F.2d 372, 375 n.5 (D.C. Cir. 1980)); see also, Jackson v. Beech, 636 F.2d 831, 836)(D.C. Cir. 1980) ("The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.").  The Federal Rules of Civil Procedure provide for an entry of default "[w]hen a party against whom a judgment for affirmative relief is sought .has failed to plead or otherwise defend as provided by these rules."

3

Fed. R. Civ. P. 55(a). Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the clerk or the court to enter a default judgment against a defendant. Id. at 55(b).

Courts do not favor default judgments and will only resolve cases in this manner "when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." Peak, 2006 WL 1349212 at *2 (quoting Jackson, 636 F.2d at 836 (citation omitted)). Accordingly, "[c]ases should be decided upon their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see Peak, 2006 WL 1349219 at *2 (acknowledging the inherent unfairness of awarding judgment against a party for mere filing delays and not deciding the case on its merits).

### B. Motion for Summary Judgment under Rule 56

Courts will grant a motion for summary judgment under Rule 56(c) "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a summary judgment motion, courts must view the evidence in the light most favorable to the non-moving party. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding that courts must draw "all justifiable inferences" in the nonmoving party's favor and accept the nonmoving party's evidence as true). However, "[t]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,'" Bias v. Advantage Int'l., Inc., 905 F.2d 1558, 1561

(D.C. Cir. 1990) (quoting <u>Matsushita Elc. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986)),

but rather must "provide evidence that would permit a reasonable [fact-finder] to find" in the

non-moving party's favor.  <u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

Thus, under Rule 56, "if a party fails to establish the existence of an element essential to that

party's case and on which that party will bear the burden of proof at trial," summary judgment is

warranted.  <u>Hazward v. Runyon</u>, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing <u>Celotex Corp v.

Catrett</u>, 477 U.S. 317, 322 (1986)).  Finally, in considering a motion for summary judgment, "the

court . . . may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson

Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000).

### III.  Analysis
#### A.  Plaintiff's Motion for Entry of Default

The plaintiff seeks the entry of a default against the District for failing to file a

"responsive pleading" by July 26 in compliance with this Court's Order of June 26, 2006.  Pl.'s

Mot. for Default at 2.  Although the District filed a summary judgment motion within the

deadline imposed by the Court, the plaintiff contends that this filing is frivolous and therefore has

been submitted in willful defiance of the Court's explicit instructions that the District file an

answer.  <u>Id.</u> at 2-3.[3]  In opposition, the District responds that it did not default and has every right

to timely assert any defense available to defeat the plaintiff's claim.  Def.'s Opp'n to Default at 1.

And in this regard the District asserts that the plaintiff failed to adhere to the statutory  notice

requirements of D.C. Code §12-309 when claims are filed against the District and that it did not

---

[3]In addition to noting that the District did not file an answer as instructed by the Court, the
plaintiff seems to equate a deficient summary judgment motion with a failure to defend against his claim,
thereby warranting the entry of a default.  Pl.'s Mot. for Default at 2-3.

waive its right to raise the defense of insufficient service of process.  Id. at 2-4.

As recently noted by one of this Court's colleagues, "entry of default (as opposed to the issuance of a default judgment) normally is a ministerial task for the Clerk of the Court" pursuant to Rule 55(a).  Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 169 (D.D.C. 2006).  However, a "default may be made by either the clerk or the judge."  Jackson, 636 F.2d at 835; see also Abur, 437 F. Supp. 2d at 169; Capital Yacht Club v. Vessel Aviva, 228 F.D.R. 389, 393 (D.D.C. 2005). Nonetheless, Rule 55(a) envisions that parties will petition the Clerk of Court for the entry of defaults, Fed. R. Civ. P. 55 (a) (stating that when appropriately supported "by affidavit or otherwise, the clerk shall enter the party's default"), and the plaintiff, who is represented by counsel, should have followed this procedure.

In any event, even if the plaintiff had properly petitioned the Clerk for a default, this Court would find that a default is inappropriate in this case.  Although the plaintiff is correct that the District's motion for summary judgment does not constitute an answer as defined by Rule 7(a),[4] the failure to file an answer does not necessarily require the entry of a default. Any other conclusion would be illogical because even if a default was entered, the Court would nonetheless have the power to set it aside upon the filing of a Rule 55(c) motion.  See Fed. R. Civ. P. 55(c)

---

[4]Rule 7(a) states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

("For good cause shown the court may set aside an entry of default . . . ."); <u>see also</u> <u>Meehan v.</u>
<u>Snow</u>, 652 F.2d 274, 276 (2d Cir. 1981)(allowing an opposition to a motion for default judgment
to substitute for a formal Rule 55(c) motion to set aside the entry of a default); 10A C. Wright &
A. Miller, Federal Practice & Procedure: Civil § 2692 (3d. ed. 2006) ("[T]he federal courts often
view opposition to a motion for the entry of a default judgment as a motion to set aside the
default, whether or not a formal motion under Rule 55(c) has been made.").  Therefore, in
denying the plaintiff's motion for entry of default, this Court is guided by the three factors it
would consider if a default had actually been entered against the District and the District was
moving to have the default set aside, namely: (1) whether the default was willful, (2) whether a
set-aside would prejudice the plaintiff, and (3) whether the movant has a meritorious defense.
<u>See</u> <u>Whelan v. Abell</u>, 48 F.3d 1247, 1259 (D.C. Cir. 1995); <u>Capital Yacht</u>, 228 F.R.D. at 393.

While the plaintiff characterizes the District's motion for summary judgment as a willful
disregard of this Court's instruction that the District file a responsive pleading, therefore entitling
him to the entry of a default against the District,  Pl.'s Reply for Default at 5-6, the objective of
Rule 55 is punishment for  a party's inaction.   <u>See</u>, <u>e.g.</u>, <u>Whelan</u>, 48 F.3d at 1259-60 (vacating
set aside of default judgment for tortious interference claim where a defendant failed to provide
an explanation for not filing an answer and waited 16 months after the default was entered
before asking that it be set aside); <u>Capital Yacht</u>, 228 F.R.D. at 392, 396 (denying motion for
default judgment where motion to set aside default was filed approximately one month after its
entry); <u>Whittaker v. District of Columbia</u>, 228 F.R.D 378, 381 (D.D.C. 2005) (denying motion to
set aside default judgment filed almost seven months after the judgment was entered.)  This is
not a case where the District has "failed to protect its own interests." <u>Int'l Painters & Allied</u>

7

Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C.

2003). Rather, the District has actively litigated this matter by first filing a motion to dismiss,

opposing the plaintiff's motion for entry of a default, filing a motion for summary judgment, and

then filing a reply to the plaintiff's opposition to its summary judgment motion. Docket Entry

Nos. 2, 5, 8, 9. So this is not a case where the District's inaction warrants the entry of a default.[5]

Thus, the plaintiff has failed to demonstrate that he has been prejudiced due to inaction by the

District. In addition, existing legal authority supports adjudicating this case on the merits rather

than allowing "technicalities [to] preclude the substantive resolution of [the parties'] dispute[]"

by entering a default. Jackson, 636 F.3d at 835.

    "In determining the existence of a meritorious defense, likelihood of success is not the

measure." Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc., 900 F. Supp. 507, 511

(D.D.C. 1995). Rather "[a party's] allegations are meritorious if they contain 'even a hint of a

suggestion' which, if proven, would constitute a complete defense." Id. (citations omitted).

Therefore, even broad and conclusory allegations meet the meritorious defense criterion for

setting aside the default. Id. Admittedly, the District has not filed an answer directly denying the

plaintiff's allegations. Instead, the District has filed a motion for summary judgment and an

opposition to the plaintiff's motion for entry of default, asserting that the plaintiff has failed to

adhere to the statutory notice requirements of D.C. Code §12-309 when claims are filed against

the District and that it did not waive its right to raise the defense of insufficient service of

process. Def.'s Opp'n to Default at 2-4. However, the District does specifically indicate that it

---

    [5] Instead, if the Court could find, as the plaintiff contends, that the District is engaged in willful delaying tactics designed to prejudice the plaintiff, more appropriate sanctions are available to the Court, e.g., an award of attorney's fees and costs. Such a finding cannot be made, however.

will "dispute the plaintiff's alleged damages such as the value of his automobile." Id. at 5.  Thus,

although the District has not directly responded to the plaintiff's allegations and some of its

responses can be considered broad and conclusory, the Court can not conclude that any possible

defenses the District may raise will be entirely without merit.  Accordingly, the Court finds that

the plaintiff's motion for a default must be denied.

### B.  The District's Motion for Summary Judgment

The District requests that this Court award it summary judgment because the plaintiff (1)

failed to serve the proper District officials– the Mayor and the Attorney General of the District of

Columbia– as required by Superior Court Rule of Civil Procedure 4(j), and (2) failed to satisfy

the notice requirements of D.C. Code § 12-309.  Def.'s Mot. for Summ. J. at 1, 6-7.[6]  Id. at 6.

---

[6]The Court notes that the District inappropriately advances its insufficient service of process and inadequate notice challenges in a motion for summary judgment rather than in a motion to dismiss or a responsive answer.  "A summary judgment is a ruling on the merits of the case predicated upon a determination that there are no material issues of fact that necessitate trial."  Prakash v. American University, 727 F.2d 1174, 1181-82 (D.C. Cir. 1984).  Improper service of process is not a defense to the merits of the plaintiff's lawsuit and thus cannot be the basis of a summary judgment motion.  See United States v. Marple Cmty. Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971) (noting that summary judgment is not the proper place to raise the defense of improper service of process because it "involves a matter in abatement and does not go to the merits of the action . . .");  accord Prakash, 727 F.2d at 1182 (overturning the district court's award of summary judgment due to lack of diverse citizenship, as relief pursuant to Rule 12(b)(1)–the defense of "lack of jurisdiction over the subject matter"– is not the proper basis for granting a judgment on the merits).  Rather, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B C. Miller & A. Wright, Federal Practice & Procedure: Civil § 1353 (3d ed. 2006).  Notice-of-claim statutes, like D.C. Code §12-309, are strictly procedural prerequisites to the filing of a civil action, see Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981)  and therefore non-compliance with D.C. Code §12-309 is subject to a procedural as opposed to a substantive challenge.  The rationale for the delineation is important because the consequences of awarding summary judgment extend beyond the victory for the moving party, as a judgment on the merits has res judicata implications that prevent the claimant from pursuing the claim at a later time.  See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the

(continued...)

Specifically, the District states that the plaintiff should have sent a copy of the summons and complaint to both the Mayor of the District of Columbia and the District's Attorney General. <u>Id.</u> at 6-7. And, because the plaintiff did not file affidavits of proof of service within 120 days of filing his complaint,[7] the District argues that the plaintiff failed to satisfy the requirements of Federal Rule of Civil Procedure 4. <u>Id.</u> at 9. In addition, the District contends that D.C. Code § 12-309 required the plaintiff to give written notice to the Mayor within six months after the alleged injury occurred, detailing the approximate time, place, cause, and circumstances of the alleged injury. <u>Id.</u> at 8. Consequently, the District asserts that the plaintiff's failure to comply with § 12-309 bars his common law claims. <u>Id.</u> In opposition, the plaintiff responds that the District has waived the Rule 12(h)(1) defense of insufficient service of process by failing to include this defense in its earlier motion to dismiss that was denied by this Court on June 26, 2006, as required by Rule 12(g). Pl.'s Opp'n to Summ. J. at 1-2. The plaintiff also asserts that D.C. Code § 12-309 is a local notice statute that cannot act as a bar to federal claims. <u>Id.</u> at 3.

_____

[6](...continued)
merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (citation omitted)). On the other hand, procedural challenges, such as a challenge made pursuant to a Rule 12(b)(5) motion to dismiss, do not invoke the same res judicata concerns for the claimant because a dismissal for insufficient service of process is not a disposition on the merits. <u>See</u> <u>Prakash</u>, 727 F.2d at 1182 (noting that a Rule 12(b)(1) dismissal for lack of diverse citizenship does not have res judicata implications and does not preclude a litigant from refiling the action in an appropriate forum). The District's submission has therefore been mislabeled and the Court will address the District's insufficient service of process and inadequate notice challenges under the framework that governs a 12(b)(5) motion to dismiss.

[7]The District apparently was confused about the time requirement because it first states that the plaintiff had 60 days to file the affidavits, Def.'s Mot. for Summ. J. at 1,5, but then amends its argument stating that he had 120 days to do so, <u>id.</u> at 9; Def.'s Reply for Summ. J. at 1. The District's second designation is correct, as the 120 day period in Rule 4(m) applies. Fed. R. Civ. P. 4(m).

1.      **Inadequate Notice Challenge Under D.C. Code § 12-309**

District of Columbia Code § 12-309 provides that:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The District asserts that the § 12-309 statutory requirements apply to the plaintiff's claim because he seeks an award of an unliquidated sum from it and the provision explicitly states that "[a]n action may not be maintained against the District of Columbia for unliquidated damages . . . " unless § 12-309 is satisfied. Def.'s Opp'n to Default at 4; Def.'s Reply for Summ. J. at 4-5. And, the District contends that compliance did not occur at some point in 2004. Def's Mot. for Summ. J. at 8-9. As proof of the plaintiff's failure to comply with § 12-309, the District has supplied an affidavit to the Court stating that the affiant has searched "the records of the Office of the Attorney General," has "requested that the Office of the Mayor conduct a search of its records," and that "[t]he results of both searches is that a claim letter from or on behalf of Melvin Antonio Candido relating to his potential claim against the District of Columbia as alleged in the complaint in this matter was not received by the Office of the Attorney General." Def's. Mot. For Summ. J., Ex. 3 (Affidavit of Nadine Chandler Wilburn) ("Wilburn Aff'd.") at 2.[8] The

---

[8] Notice to the Office of the Attorney General is not required under § 12-309. And, even though the affiant "requested that the Office of the Mayor conduct a search of its records," she only reports that the results of the search of the Attorney General's records was fruitless. Def's. Mot. For Summ. J., Ex. 3 (Wilburn Aff'd.) at 2. As such, the affidavit fails to actually establish

(continued...)

District argues that because there is no proof that the plaintiff complied with the "mandatory" notice requirements of § 12-309, "all of his common law claims are barred, and must be dismissed with prejudice."  Def.'s Mot. for Summ. J. at 9.  The plaintiff responds that the District's request for summary judgment based on non-compliance "with D.C. Code § 12-309 fails as a matter of law" because a defense based on local law, "such as that provided by § 12-309," cannot "defeat a federal claim."  Pl.'s Opp'n to Summ. J. at 3.  Accordingly, the plaintiff argues that because his claims are based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983 the District is not entitled to summary judgment on its § 12-309 argument.  Id., Compl. ¶ 1.

The Supreme Court has held that under the Supremacy Clause of the Federal Constitution, a state law must yield to a federal law when the two "conflict[] in both purpose and effects."  Felder v. Casey, 487 U.S. 131, 138 (1988).  Accordingly, courts have explicitly ruled that state notice-of-claim statutes like D.C. Code § 12-309 are not a bar to federal claims.  See Felder, 487 U.S. at 152 (holding that a state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state notice-of-claim statute.)  And, the District of Columbia Circuit, and other members of this Court, have ruled that § 12-309, does not preempt federal law when federal claims are involved.  See Brown v. United States, 742 F.2d 1498, 1509-10 (D.C. Cir. 1984) (en banc) (noting that an "overwhelming majority of federal and state courts" have ruled that noncompliance with state notice-of-claims provisions is not a bar to pursuing federal claims); Anderson-Bey v. District of Columbia, 466 F. Supp. 2d 51, 66 (D.D.C. 2006) (holding that § 12-309 does not apply to constitutional or other federal claims);

---

⁸(...continued)
the plaintiff's non-compliance with § 12-309.

<u>Day v. D.C. Dep't of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 158 (D.D.C. 2002) ("The court first notes that well-settled case law holds that Section 12-309 does not apply to the plaintiff's alleged deprivation of constitutional rights in violation of 42 U.S.C. § 1983.").

Although the District construes the plaintiff's claim regarding the sale of his car as a common law claim and  seeks its dismissal on the ground that all "common law claims" are barred when a "plaintiff failed to comply with the mandatory notice requirements of § 12-309, Def's Mot. for Summ. J. at 9,  this Court ruled previously that the plaintiff has pled a federal due process claim, not a common law negligence claim, June 26, 2006 Order at 2.  The District's cited authority is therefore neither persuasive nor applicable to the instant action.[9]  The claims in the cases in which the District of Columbia Court of Appeals has held § 12-309 applicable all involved District of Columbia common law claims and thus are inapposite to the situation here. Thus, so long as the plaintiff satisfies the requirements of Federal Rule of Civil Procedure 4(j)(2), no further notice adherence is necessary.  <u>See Brown</u>, 742 F.2d at 1508 ("State law is not usually thought to add elements to federal rights of action.").  Therefore, this Court finds that the District's D.C. Code §12-309 challenge is without merit.

### 2. The Defendant's Insufficient Service of Process Challenge

When a defendant challenges service of process in a federal court proceeding, the plaintiff "must demonstrate that the procedure [he] employed satisfied the requirements of the relevant

---

[9]The District of Columbia Court of Appeals cases the District relies on include <u>Gross v. District of Columbia</u>, 734 A.2d 1077 (D.C. 1999) (applying § 12-309 to the plaintiff's common law tort claims but not the constitutional claim based on § 1983);  <u>District of Columbia v. Dunmore</u>, 662 A.2d 1356 (D.C. 1995) (applying §12-309 to a medical malpractice claim); <u>Campbell v. District of Columbia</u>, 568 A.2d 1076 (D.C. 1990) (dismissing wrongful death negligence claim for not adhering to § 12-309); <u>Gwinn v. District of Columbia</u>, 434 A.2d 1376 (D.C. 1981) (refusing to toll time requirement of § 12-309 based on common law battery claim).

portions of Rule 4 and any other applicable provision of law." Wilson v. Prudential Fin., 332 F.

Supp. 2d 83, 87 (D.D.C. 2004) (quoting Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)). As

previously noted, service of process in this case is governed Federal Rule of Civil Procedure

4(j)(2). And, Federal Rule of Civil Procedure 4(j)(2) provides that:

> Service upon a state, municipal corporation, or other governmental
> organization subject to suit shall be effected by delivering a copy
> of the summons and of the complaint to its chief executive officer
> or by serving the summons and complaint in the manner prescribed
> by the law of that state for the service of summons or other like
> process upon any such defendant.

Fed. R. Civ. P. 4(j)(2). And, Federal Rule of Civil Procedure 4(m) sets the time limits for

achieving service:

> If service of summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon
> motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct
> that service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If the plaintiff fails to effect proper service within the 120-day limit

enumerated in the Rule, or within the time period designated by the Court, the plaintiff carries

the burden of showing good cause for the failure. Id.; see also Prudential Fin., 332 F. Supp. 2d at

87; Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2-3 (D.D.C. 2004). Moreover, unless the

procedural requirements for effective service of process are satisfied, a court lacks authority to

exercise personal jurisdiction over the defendant. Gorman v. Ameritrade Holding Corp., 293

F.3d 506, 514 (D.C. Cir. 2002) (citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S.

97, 104 (1987)); see Prudential Fin., 332 F. Supp. 2d at 87. Thus, despite the District's use of an

improper procedural mechanism to raise its improper service of process challenge (summary judgment), the Court will nonetheless entertain the challenge under Rule 12(b)(5) as a motion to dismiss.  See Anderson v. Hall, 755 F. Supp. 2, 4 n.5 (D.D.C. 1991) (court may sua sponte raise the issue of Rule 12(b)(5) dismissal for failure to properly serve process pursuant to Federal Rule of Civil Procedure 4(j)); see also Allen v. Rehman, 132 F. Supp. 2d 27, 29 (D.D.C. 2000) (court dismissed the plaintiff's complaint sua sponte for lack of diversity jurisdiction.); Houston Bus. Journal, Inc. v. Officer of Comptroller of Currency, U.S. Dept. of Treasury, 86 F.3d 1208, 1211 (D.C. Cir. 1996) (court may raise questions of the federal court's subject-matter jurisdiction sua sponte.)

Here, the plaintiff may satisfy the requirements of Rule 4(j)(2) by effecting proper service on the Mayor by "delivering [to him] a copy of the summons and of the complaint . . .", Fed. R. Civ. P. 4(j)(2), or by complying with Superior Court of the District of Columbia Rule of Civil Procedure 4(j), which requires a party suing the District of Columbia to "deliver[] . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)."  SCR-Civil Rule 4(j). Thus, if the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must "deliver[] a copy of the summons and of the complaint to [the District's] chief executive officer . . . ."  Fed. R. Civ. P. 4(j)(2).

On the record currently before the Court, it is unclear whether the plaintiff satisfied either requirement.  The record merely indicates that the two notices were served, Docket Entry, dated Jan. 27, 2006, but the plaintiff has not submitted any affidavits indicating who received them. And, the District points out that "[d]espite diligent efforts," no record of such notices have been

found.  Def.'s Mot. for Summ. J. at 9.  In his opposition to the District's summary judgment

motion, the plaintiff  fails to offer any actual proof that refutes the District's representation, but

instead speculates that the District must have been served because it appeared in court to defend

against this action.  Pl.'s Opp'n to Summ. J. at 2 .  As further explained below, the "best

evidence of service" is not the appearance of the opposing party as the plaintiff contends, id., but

rather an affidavit from the process server or the Mayor's designee regarding the service.  Cf. Zen

Music, Inc. v. CVS Corp., No. 98-Civ.-4246, 1998 WL 912102, at *3 (S.D.N.Y. Dec. 30, 1998)

(offering examples of evidence of sufficient service of process, including affidavits from the

process server or from the person who received the service).  This Court therefore finds that the

District's appearance in court, without more, is insufficient to satisfy the plaintiff's burden of

proving that he properly served the District.[10]  Accordingly, this Court has no choice but to find

that the plaintiff did not properly serve the District.

    Even when a plaintiff has failed to effect proper service of process, Rule 4(m) gives the

plaintiff the opportunity to show good cause for the failure.  Fed. R. Civ. P. 4(m).  One means of

making this showing is by demonstrating that the defendant waived the right to challenge service

of process.  See Prudential Fin., 332 F. Supp. 2d at 89 (allowing the plaintiff to show good cause

for his failure to properly serve the defendant by demonstrating that the defendant waived the

defense of insufficient service).  Therefore, this Court must determine if the District waived the

right to invoke a Rule 12(b)(5) defense as argued by the plaintiff.  The plaintiff contends that the

---

    [10]As discussed further below, see infra Part III.B.2.b., barring the defense of improper
service of process due to a defendant's mere appearance in court would frustrate the purpose of
Rule 12(b)(5) because the defendant could never contest the sufficiency of the service.  See
Whitehead, 221 F.R.D. at 3; Cataldo v. U.S. Dept. of Justice, No. 99-264-B-C, 2000 WL 760960,
at *6 (D. Me. May 15, 2000).

District's ability to raise the defense has been waived because (1) it was not included in the District's earlier Rule 12(b)(1) motion and (2) the District's appearance in court proves that it was adequately served with notice. Pl.'s Opp'n to Summ. J. at 2. For the reasons set forth below, the Court concludes that the plaintiff has failed to demonstrate good cause for his non-compliance with Rule 4 (j)(2).

   a. *The Defense of Insufficient Service Was Not Available When the Prior Motion was Filed and thus Was Not Waived*

   The District contends that its motion regarding the plaintiff's failure to effectuate proper service had not ripened when it filed its initial Motion to Dismiss because the 120 day deadline for effecting service of process had not elapsed. Def.'s Reply for Summ. J. at 2. To support its position, the District relies heavily on the Rule 12(g)'s prescription that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection <u>then available</u> to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on a defense or objection omitted . . . ." Fed.R.Civ.P. 12(g) (emphasis added); <u>Id.</u> The plaintiff argues in response that the District should have known that service was defective when it filed its Rule 12(b)(6) motion and that its insufficient service defense was "then available" when the earlier motion was filed. Pl.'s Opp'n to Summ. J. at 2.

   If a party files a Rule 12(b) motion to dismiss, it may not subsequently assert any Rule 12(b) defenses that were available when the first Rule 12(b) motion was filed. <u>See</u> Fed. R. Civ. P. 12(g); <u>id.</u> at 12(h)(1) ("A defense of . . . insufficiency of process, or insufficiency of service is waived [ ]if omitted from a motion in the circumstances described in [Rule 12(g)]."); <u>see also</u> <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 813 (D.C. Cir. 1988) (denying the defendant's Rule

12(b)(2) and Rule 12(b)(3) defenses because they were not included in either the previous Rule

12(b) motion or the answer).  However, Rule 12(g) and Rule 12(h)(1) "do not provide for waiver

if the omitted defense was not 'then available' to the party who made the previous Rule 12

motion . . . ."  Wilson v. United States, No. 4:05-CV-562, 2006 WL 3431895, at * 1 (E.D. Ark.

Nov. 28, 2006); see Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D. Vt. 1996)

("Although Rule 12 sets forth a strict waiver requirement, it does provide an exception, namely

that it applies only to defenses 'then available.'").

    The Court cannot agree with the plaintiff's proposition that the District should have

known that service was defective when it filed its first Rule 12(b) motion because until the 120-

day deadline to effect service elapsed, the possibility existed that the plaintiff would timely

correct the deficient service.  See Goodstein, 167 F.R.D. at 665 (recognizing that the defense of

insufficient service was technically not available where the defendant filed an earlier Rule 12(b)

motion before the 120-day deadline expired).  So long as the 120 day limit had not expired when

the District filed its first 12(b) motion, it was under no obligation to point out the plaintiff's

deficient service until after the deadline elapsed.  Cf. Wilson, 2006 WL 3431895 at *1;

Goodstein, 167 F.R.D. at 665 (motion to dismiss on insufficiency of service of process grounds

is premature when filed before the expiration of the 120-day time limit).  The plaintiff filed his

complaint on January 24, 2006, and he therefore had until May 25, 2006, 120 days after the

complaint was filed, to properly serve the District.  And because the District filed its first motion

to dismiss on February 14, well before the deadline elapsed, the defense of insufficiency of

service of process was not "then available."  Thus, the District is not  barred from asserting the

12(b)(5) defense for lack of sufficient service of process at this time.

*b.  The District's Mere Appearance in Court Does Not Cure Insufficient*

*Service of Process*

The plaintiff posits that the District must have been "served" because it appeared in court to litigate against the claim.  Pl.'s Opp'n to Summ. J. at 2.  In his reply to the District's opposition to the motion for entry of a default, the plaintiff cites Creighton v. Kerr, 87 U.S. 8 (1874) as authority for his argument that the District's court appearance waived the Rule 12(b)(5) defense.  Pl.'s Reply for Default at 3.[11]  In essence, the plaintiff argues that proper service of process is a "meaningless gesture" when the defendant appears in court.  Id. at 3.  In addition, the plaintiff argues that the defense of insufficient service of process was waived when the defendant filed its motion for summary judgment seeking judgment on the merits.  Pl.'s Reply for Default at 4.  The plaintiff relies on In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230 (3d Cir. 1994) and Marshall v. Park Plaza Condominium Ass'n, No. 98-2912, 1999 WL 689735 (E.D. Pa., Sept. 3, 1999) as support for this proposition.  Pl.'s Reply for Default at 4.

The plaintiff's argument is without merit for two primary reasons.  First, as this Court has previously noted, improper service of process is not a defense to the merits of the plaintiff's lawsuit and thus cannot be the basis of a summary judgment motion.  Rather, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B C. Miller & A. Wright, Federal Practice & Procedure: Civil § 1353 (3d ed. 2006). Hence, this Court has determined that the District's submission was

---

[11]The plaintiff's reliance on such antiquated case law as Creighton v. Kerr is ill-advised when significantly more current and analogous authority is available.

19

mislabeled and the Court will address the District's insufficient service of process and inadequate notice challenges under the framework that governs a 12(b)(5) motion to dismiss.  Second, simply being on notice of a lawsuit "cannot cure an otherwise defective service."  Whitehead, 221 F.R.D. at 3 (citation omitted); accord LSJ Investment Co., v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999) (refusing to substitute actual knowledge for proper service under Rule 4).  Federal courts have firmly established that a court appearance alone can never waive an otherwise valid Rule 12(b)(5) defense.  See, e.g., Mopex, Inc. v. Amer. Stock Exch., L.L.C., No. 02-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (dismissing the plaintiff's case without prejudice for failure to effect proper service even though the defendant had actual notice of the proceedings) (citation omitted); Cataldo, 2000 WL 760960, at *6 (refusing to accept the defendant's appearance in court as a waiver of the defense of insufficient service of process) (citation omitted).  This Court therefore cannot accept the plaintiff's argument that the District waived its Rule 12(b)(5) defense simply by appearing to contest the claim.  Indeed, if a defendant's mere appearance waived its Rule 12(b)(5) defense, it effectively "could never contest the sufficiency of the service of process upon it."  Id.  Here, the plaintiff did not effect proper service, and the District timely invoked this defense after it became available.

The plaintiff's reliance on Texas E. Transmission and Marshall is  misplaced.  In those cases, the courts determined that the defendants were foreclosed from asserting lack of personal jurisdiction because they filed summary judgment motions on grounds unrelated to their Rule 12(b) defense.  Texas E. Transmission involved a dispute between an insured and its insurance carriers over insurance coverage for the costs associated with the clean-up of toxic waste "release[d], discharge[d] and dispos[ed] into the environment" by the insured "in the course of

operating a natural gas pipeline extending from Texas and Louisiana to New Jersey." 15 F.3d at

1233.  The three cases that were the subject of the appeal in <u>Texas E. Transmission</u> had been

consolidated for pretrial purposes in the federal district court where one of the cases had been

filed after one of the other cases had been transferred there from another district court and the

third case had been removed to that court from a state court.  <u>Id.</u> at 1233-35.  In the federal action

that had been transferred, which involved only the policies issued by the insured's primary

liability carrier, the insured "filed an answer with counterclaims against virtually all of its excess

insurers" after the transfer and consolidation had been effected.  <u>Id.</u> at 1235.  The insured's

counterclaim was eventually dismissed by the district court by way of summary judgment and the

insured appealed arguing, <u>inter alia</u>, that because it had failed to "execute service of process

upon" the excess insurers "they were not made parties to the suit" and therefore the district court

had improperly exercised jurisdiction over its counterclaim.  <u>Id.</u>  In rejecting the insured's

position, the Third Circuit noted "that a party is deemed to have consented to personal

jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to

engage in extensive litigation in the forum."  <u>Id.</u> at 1236 (citation omitted).  And since the

"counterclaim defendants actively litigated the . . . action, failed to move to dismiss [the] . . .

counterclaim for lack of service before litigating the motions for summary judgment, and, in fact,

moved for summary judgment on other grounds," the Third Circuit inferred "that the

counterclaim defendants effectively waived the defense of lack of personal jurisdiction based on

the absence of service of process by acquiescing in personal jurisdiction."  <u>Id.</u>  (footnote and

citations omitted).  Accordingly, the Court held that the district court had properly exercised

personal jurisdiction over the excess carriers named in the counterclaim and affirmed its grant of

summary judgment.  Id.

Similarly, in Marshall, the plaintiff originally sued the defendant in state court alleging

tort claims against the defendant.  1999 WL 689735, at *1.  "After the state action was

terminated in favor of the defendants on appeal from the grant of preliminary objections," the

plaintiff "brought [a] federal action for violation of the [Fair Housing Act]."  Id.  One of the

defendant's, Scully Co., "moved to dismiss the action for improper service."  Id.  However,

Scully Co. also joined the other defendants in requesting that the court award them summary

judgment on the ground of res judicata barred the federal action.  The court found that although

service of defendant Scully Co. was improper, Scully waived any objection to improper service

by moving for summary judgment "on the merits."  Id. at *2.  The court stated that "[w]hen

Scully Co. joined the other defendants in requesting [that the] court . . . address the merits, it was

calling upon the court to exercise jurisdiction over this action and itself."  Id.  Thus, "[b]y

requesting the court to bind Marshall on the merits, it agreed to be bound also."  Id.

Accordingly, the court concluded that "[b]y invoking the jurisdiction of this court, Scully Co.

waived any objection it had to improper service."  Id.

Unlike Texas E. Transmission and Marshall, here, the District is not advancing its service

of process challenge after having invoked the Court's jurisdiction to adjudicate the merits of this

matter on other grounds.  As noted above,  the District's motion is miscaptioned as one for

summary judgment rather than appropriately as a Rule12(b)(5) motion to dismiss on sufficiency

of service of process grounds.   It is therefore this Court's conclusion that the District's

appearance to contest the sufficiency of the service does not preclude it from asserting this

defense.  And, based on the record before the Court,  the plaintiff has failed to show good cause

for not properly serving the District with process.[12]

### 3.  The Court Directs the Plaintiff to Perfect Service

If a party has not complied with the service of process requirements of Rule 4, the Court,

by motion or on its own initiative, has the power to either dismiss the plaintiff's claims or "direct

that service be effected within a specified time." Fed. R. Civ. P. 4(m); see Prudential Fin., 332 F.

Supp. 2d at 89 (court exercised its discretion and ordered the plaintiff to remedy the defective

service rather than dismissing the claim where there was no indication that allowing the plaintiff

to perfect service would unduly prejudice the defendant).  Here, justice is best served by directing

the plaintiff to perfect service and then file with the Court appropriate affidavits demonstrating

that proper service was achieved.  By proceeding in this manner, this Court does not mean to

suggest that it condones the plaintiff's failure to properly serve the District or prove that proper

service was effected as required by Rule 4.  See Del Raine v. Carlson, 826 F.2d 698, 704 (7th

Cir. 1987) (explaining that proper service "is not some mindless technicality"); BPA Int'l, Inc. v.

Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Proper service is essential for the

---

[12]Even though the plaintiff has failed to satisfy his burden under Federal Rule of Civil Procedure 4, the Court notes the District was not barred from filing an answer as ordered by this Court to assert its Rule 12(b)(5) defense because parties do not waive certain Rule 12(b) defenses if they are appropriately filed with responsive pleadings.  See Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1233 (1st Cir. 1991) (permitting the defendant to assert a Rule 12(b)(2) defense in its answer even though the trial court had previously denied its prior motion to dismiss for insufficient service of process); Chatman-Bey, 864 F.2d at 813 (indicating that certain Rule 12(b) defenses must be made in a pre-answer motion or in a responsive pleading); 5C C. Wright & A . Miller, Federal Practice & Procedure: Civil § 1391 (3d ed. 2006) ("If a party does not make a preliminary motion or if a defense was not available at the time he first moved, that party is not vulnerable to a waiver argument and may present a Rule 12(b)(2) through 12(b)(5) challenge, but it must be included in the responsive pleading.").

court to exercise power over a party.") (internal quotation omitted). However, dismissing the plaintiff's case at this junction would potentially subvert justice and unfairly prejudice the plaintiff, while on the other hand, the District will not be prejudiced by affording the plaintiff the opportunity to comply with Rule 4. Thus, the defendant's motion for summary judgment (which the Court construes as a motion for Rule 12(b)(5) relief) is denied.

## IV. Conclusion

Based on the foregoing reasons, this Court **DENIES** the plaintiff's motion for entry of default and **DENIES** the District's motion for summary judgment.[13]

---

[13] An order consistent with this Memorandum Opinion has been entered.