## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN ANTONIO CANDIDO,**<br>                              **Plaintiff,**<br><br>                   **v.**<br><br>**DISTRICT OF COLUMBIA,**<br>                              **Defendant.** | **Civil Action No. 06-00128 RBW** |

## DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

The defendant, District of Columbia ("the District"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 41(b), hereby moves this Honorable Court to dismiss the plaintiff's Complaint for failure to prosecute his claim.   Defendant has attached hereto a Memorandum of Points and Authorities in support of this Motion and a proposed Order.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Section Chief, Civil Litigation Division
General Litigation, Section II

By:    /s/ Urenthea McQuinn
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001

(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov


February 29, 2008


## Certification

I hereby certify that on February 17, 2008, the undersigned left a detailed voice mail message for plaintiff's counsel that this motion would be filed during the following week and that the undersigned desired a return call as to whether plaintiff consented to the Motion to Dismiss for Failure to Prosecute.

_____/s/_____
**Urenthea McQuinn [D.C. Bar #182253]**
**Assistant Attorney General**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN ANTONIO CANDIDO,
     **Plaintiff,**

   v.             **Civil Action No. 06-00128 RBW**

DISTRICT OF COLUMBIA,
     **Defendant.**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

This Honorable Court should dismiss the plaintiff's complaint because the plaintiff has failed to prosecute his claim.

### *Statement of Facts*

This case arises out of the following set of facts as alleged in the Complaint. Plaintiff's vehicle allegedly was stolen in 2002. Complaint, ¶ 4. At the time of the theft, plaintiff's vehicle was subject to a purchase money security interest. Complaint, ¶ 5. When the police, recovered plaintiff's vehicle, they held it for evidence. Complaint, ¶ 6. Plaintiff claims that in 2004, the police allegedly sold his vehicle without having provided prior notice to him or the lien holder. Complaint, ¶ 9. The plaintiff's Complaint was filed on January 24th, 2006.

### *Standard of Review*

Fed. R. Civ. P. 41(b) gives District Courts discretion to dismiss an action for failure to prosecute, to comply with a court order, or to abide by the federal rules. Four factors must be considered in evaluating the propriety of dismissing an action under Rule 41(b): (1) the degree of

personal responsibility on the part of the plaintiff, (2) the amount of prejudice to the defendant, (3) whether the record indicates a history of deliberately proceeding in a dilatory fashion, and (4) whether less drastic sanctions are available. *Bowman v. United States*, 1996 U.S. App. LEXIS 28864, No. 95-1820, 1996 WL 633448, at *1 (4th Cir. Nov. 1, 1996); *Parks v. Huff*, 1992 U.S. App. LEXIS 1550, No. 91-1065, 1992 WL 21363, at *2 (4th Cir. Feb. 10, 1992).

### *Argument*

On July 26, 2006, the District filed a Motion for Summary Judgment against plaintiff (which the Court construed as a Rule 12(b)(5) dismissal motion); on August 16, 2006, plaintiff filed a Motion for Default against the District. On June 22, 2007, this Court denied both of those motions in a Memorandum Opinion and Order (**Attachment 1**), and ordered that plaintiff could serve the District again. Further, the Court ordered the plaintiff to file appropriate affidavits attesting that proper service was effected. To date, plaintiff, however, has failed to do so.

Here, not only is plaintiff personally responsible for his own case, but he has been represented by an attorney with no movement on his case since June, 2007. Defendant is prejudiced by the time and expense it takes when plaintiffs file suit and defendant has to use its resources to maintain a case, while the plaintiff does nothing. The history of this case since June 22, 2007, is that plaintiff has done nothing for eight months despite the Court's express permission to serve the District and file affidavits. The District, therefore, asserts that plaintiff has failed to prosecute this action, and it should be dismissed forthwith.

### *Conclusion*

For all of the foregoing reasons, plaintiff's Complaint should be dismissed.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

4

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Nicole L. Lynch
NICOLE L. LYNCH [471953]
Section Chief, Civil Litigation Division
General Litigation, Section II

By:   /s/ Urenthea McQuinn
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

February 29, 2008

# ATTACHMENT 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELVIN ANTONIO CANDIDO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 06-00128 (RBW) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant | ) | |
| | ) | |

## AMENDED ORDER

In accordance with the Court's rulings in its Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED** that the plaintiff's motion for entry of default is **DENIED**. It is further

**ORDERED** that the defendant's motion for summary judgment, which the Court construes as a Rule 12(b)(5) dismissal motion, is **DENIED**. It is further

**ORDERED** that the plaintiff shall perfect service upon the defendant pursuant to the Federal Rules of Civil Procedure 4(j)(2) and submit the appropriate affidavits attesting that proper service was effected. It is further

**ORDERED** that after proper service by the plaintiff has been achieved, the defendant shall file its answer to the plaintiff's complaint within 30 days.

**SO ORDERED** on this 22nd  day of June, 2007.

/s/_____
REGGIE B. WALTON
United States District Court Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELVIN ANTONIO CANDIDO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 06-00128 (RBW) |
| DISTRICT OF COLUMBIA, | ) | |
| Defendant | ) | |
| | ) | |

### MEMORANDUM OPINION

On January 24, 2006, the plaintiff commenced this action challenging the District of Columbia's ("District") sale of the plaintiff's vehicle without notice to him on the ground that the sale violated the Due Process Clause of the United States Constitution. Complaint ("Compl.") ¶ 10. Currently before this Court is the District's Motion for Summary Judgment with supporting memoranda ("Def.'s Mot. for Summ. J.") and the plaintiff's Motion for Entry of Default Against Defendant ("Pl.'s Mot. for Default").[1] Upon consideration of the parties' motions, the Court concludes that both motions must be **denied**.

### I. Background

In 2002, the plaintiff's car was stolen by an unknown person or persons. Compl. ¶ 4. At the time of the theft, the plaintiff's vehicle was subject to a purchase money security interest. Id. at ¶ 5. The plaintiff's vehicle was later recovered by the police department who refused to return

---

[1] Also submitted in conjunction with these motions are the plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n to Summ. J."); the District's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Def.'s Reply for Summ. J."); the District's Opposition to Plaintiff's Motion for Entry of Default ("Def.'s Opp'n to Default"); and the plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Entry of Default ("Pl.'s Reply for Default").

it to him on the grounds that they "needed it as evidence." Id. at ¶ 6.  In 2004, the police allegedly sold the vehicle without contacting the plaintiff, even though he had provided the police with his contact information. Id. at ¶¶ 7, 9.  On January 24, 2006, the plaintiff brought this civil action against the District to recover money damages pursuant to 28 U.S.C. § 1343 for allegedly selling his car without providing him notice of the sale.  Compl. ¶¶ 1, 10.

On February 14, 2006, the District filed a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), claiming that the plaintiff's suit was based on negligence and thus did not amount to a federal due process claim.  Defendant's Memorandum of Points and Authorities in support of Its Motion to Dismiss at 5-8.  This Court disagreed, holding that a claim asserting that one's property was sold without notice to him does implicate the Due Process clause resulting in this Court having jurisdiction over the claim pursuant to 28 U.S.C. § 1343(a)(3).  June 26, 2006 Order at 2.  With the denial of that motion, this Court ordered the District to file an answer to the plaintiff's complaint by July 26, 2006.  Id.

On July 26, 2006, however, the District filed a motion for summary judgment, asserting that the plaintiff (1) failed to serve the proper District officials– the Mayor and the Attorney General of the District of Columbia– as required by Superior Court Rule of Civil Procedure 4(j) and (2) failed to satisfy the mandatory notice provisions of D.C. Code § 12-309 by not notifying the Mayor and Attorney General for the District of his claim.[2]   Def.'s Mot. for Summ. J. at 1, 6-

---

[2] It appears to the Court that the District equates the requirements of § 12-309 with the proper manner in which the District may be served process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Def.'s Mot. For Summ. J. at 6-7.  And, while the District asserts as grounds for its insufficient service of process argument both Federal Rule of Civil Procedure 4(j) and D.C. Code § 12-309, the District ultimately calls for the dismissal of this action for non-compliance with § 12-309.  Id. at 9.

7, 9. In response, the plaintiff contends that (1) "any failure to give notice required by District of

Columbia common law is not applicable to the plaintiff's federal claim," Pl's Opp'n to Summ. J.

at 1, and (2) the District waived the defense of insufficient service of process. Id. at 2.

On August 16, 2006, three weeks after the District filed its motion for summary

judgment, the plaintiff filed a motion for entry of a default against the District, claiming that the

District's motion for summary judgment did not comply with the Court's order requiring the

District to file a "responsive pleading." Pl.'s Mot. for Default at 1. And, the plaintiff

characterizes the District's actions as a "willful" disregard of the Court's order. Pl.'s Reply for

Default at 5. Further, the plaintiff maintains that the District's litigation tactic has delayed the

progression of this case, which should thereby result in the entry of a default against the

defendant. Id. at 2.

## II.  Standard of Review

### A.  Motion for Entry of Default under Rule 55

When a defendant fails to defend his case appropriately or otherwise engages in dilatory

tactics, the plaintiff may invoke the court's power to enter a default judgment by first seeking the

entry of a default. See Fed. R. Civ. P. 55(a); Peak v. District of Columbia, No. 05-1928, 2006

WL 1349219, at * 1 (D.D.C. May 17, 2006) (citing Keegel v. Key W. & Caribbean Trading Co.,

627 F.2d 372, 375 n.5 (D.C. Cir. 1980)); see also, Jackson v. Beech, 636 F.2d 831, 836)(D.C.

Cir. 1980) ("The default judgment must normally be viewed as available only when the adversary

process has been halted because of an essentially unresponsive party."). The Federal Rules of

Civil Procedure provide for an entry of default "[w]hen a party against whom a judgment for

affirmative relief is sought .has failed to plead or otherwise defend as provided by these rules."

3

Fed. R. Civ. P. 55(a).  Once the clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the clerk or the court to enter a default judgment against a defendant.  Id. at 55(b).

Courts do not favor default judgments and will only resolve cases in this manner "when the adversary process has been halted because of an essentially unresponsive party[, as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  Peak, 2006 WL 1349212 at *2 (quoting Jackson, 636 F.2d at 836 (citation omitted)).  Accordingly, "[c]ases should be decided upon their merits whenever reasonably possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986); see Peak, 2006 WL 1349219 at *2 (acknowledging the inherent unfairness of awarding judgment against a party for mere filing delays and not deciding the case on its merits).

### B. Motion for Summary Judgment under Rule 56

Courts will grant a motion for summary judgment under Rule 56(c) "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling on a summary judgment motion, courts must view the evidence in the light most favorable to the non-moving party. Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding that courts must draw "all justifiable inferences" in the nonmoving party's favor and accept the nonmoving party's evidence as true). However,  "[t]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,'" Bias v. Advantage Int'l., Inc., 905 F.2d 1558, 1561

4

(D.C. Cir. 1990) (quoting <u>Matsushita Elc. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986)),

but rather must "provide evidence that would permit a reasonable [fact-finder] to find" in the

non-moving party's favor. <u>Laningham v. U.S. Navy</u>, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

Thus, under Rule 56, "if a party fails to establish the existence of an element essential to that

party's case and on which that party will bear the burden of proof at trial," summary judgment is

warranted. <u>Hazward v. Runyon</u>, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing <u>Celotex Corp v.</u>

<u>Catrett</u>, 477 U.S. 317, 322 (1986)). Finally, in considering a motion for summary judgment, "the

court . . . may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson</u>

<u>Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000).

### III.  Analysis

### A.  Plaintiff's Motion for Entry of Default

The plaintiff seeks the entry of a default against the District for failing to file a

"responsive pleading" by July 26 in compliance with this Court's Order of June 26, 2006. Pl.'s

Mot. for Default at 2. Although the District filed a summary judgment motion within the

deadline imposed by the Court, the plaintiff contends that this filing is frivolous and therefore has

been submitted in willful defiance of the Court's explicit instructions that the District file an

answer. <u>Id.</u> at 2-3.[3] In opposition, the District responds that it did not default and has every right

to timely assert any defense available to defeat the plaintiff's claim. Def.'s Opp'n to Default at 1.

And in this regard the District asserts that the plaintiff failed to adhere to the statutory notice

requirements of D.C. Code §12-309 when claims are filed against the District and that it did not

---

[3]In addition to noting that the District did not file an answer as instructed by the Court, the
plaintiff seems to equate a deficient summary judgment motion with a failure to defend against his claim,
thereby warranting the entry of a default. Pl.'s Mot. for Default at 2-3.

Case 1:06-cv-00128-RBW    Document 12    Filed 06/22/2007    Page 6 of 24

waive its right to raise the defense of insufficient service of process. Id. at 2-4.

As recently noted by one of this Court's colleagues, "entry of default (as opposed to the issuance of a default judgment) normally is a ministerial task for the Clerk of the Court" pursuant to Rule 55(a). Abur v. Republic of Sudan, 437 F. Supp. 2d 166, 169 (D.D.C. 2006). However, a "default may be made by either the clerk or the judge." Jackson, 636 F.2d at 835; see also Abur, 437 F. Supp. 2d at 169; Capital Yacht Club v. Vessel Aviva, 228 F.D.R. 389, 393 (D.D.C. 2005). Nonetheless, Rule 55(a) envisions that parties will petition the Clerk of Court for the entry of defaults, Fed. R. Civ. P. 55 (a) (stating that when appropriately supported "by affidavit or otherwise, the clerk shall enter the party's default"), and the plaintiff, who is represented by counsel, should have followed this procedure.

In any event, even if the plaintiff had properly petitioned the Clerk for a default, this Court would find that a default is inappropriate in this case. Although the plaintiff is correct that the District's motion for summary judgment does not constitute an answer as defined by Rule 7(a),[4] the failure to file an answer does not necessarily require the entry of a default. Any other conclusion would be illogical because even if a default was entered, the Court would nonetheless have the power to set it aside upon the filing of a Rule 55(c) motion. See Fed. R. Civ. P. 55(c)

---

[4]Rule 7(a) states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a).

("For good cause shown the court may set aside an entry of default . . . ."); see also Meehan v.

Snow, 652 F.2d 274, 276 (2d Cir. 1981)(allowing an opposition to a motion for default judgment

to substitute for a formal Rule 55(c) motion to set aside the entry of a default); 10A C. Wright &

A. Miller, Federal Practice & Procedure: Civil § 2692 (3d. ed. 2006) ("[T]he federal courts often

view opposition to a motion for the entry of a default judgment as a motion to set aside the

default, whether or not a formal motion under Rule 55(c) has been made."). Therefore, in

denying the plaintiff's motion for entry of default, this Court is guided by the three factors it

would consider if a default had actually been entered against the District and the District was

moving to have the default set aside, namely: (1) whether the default was willful, (2) whether a

set-aside would prejudice the plaintiff, and (3) whether the movant has a meritorious defense.

See Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995); Capital Yacht, 228 F.R.D. at 393.

While the plaintiff characterizes the District's motion for summary judgment as a willful

disregard of this Court's instruction that the District file a responsive pleading, therefore entitling

him to the entry of a default against the District, Pl.'s Reply for Default at 5-6, the objective of

Rule 55 is punishment for a party's inaction.  See, e.g., Whelan, 48 F.3d at 1259-60 (vacating

set aside of default judgment for tortious interference claim where a defendant failed to provide

an explanation for not filing an answer and waited 16 months after the default was entered

before asking that it be set aside); Capital Yacht, 228 F.R.D. at 392, 396 (denying motion for

default judgment where motion to set aside default was filed approximately one month after its

entry); Whittaker v. District of Columbia, 228 F.R.D 378, 381 (D.D.C. 2005) (denying motion to

set aside default judgment filed almost seven months after the judgment was entered.)  This is

not a case where the District has "failed to protect its own interests." Int'l Painters & Allied

Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C.

2003). Rather, the District has actively litigated this matter by first filing a motion to dismiss,

opposing the plaintiff's motion for entry of a default, filing a motion for summary judgment, and

then filing a reply to the plaintiff's opposition to its summary judgment motion. Docket Entry

Nos. 2, 5, 8, 9. So this is not a case where the District's inaction warrants the entry of a default.[5]

Thus, the plaintiff has failed to demonstrate that he has been prejudiced due to inaction by the

District. In addition, existing legal authority supports adjudicating this case on the merits rather

than allowing "technicalities [to] preclude the substantive resolution of [the parties'] dispute[]"

by entering a default. Jackson, 636 F.3d at 835.

     "In determining the existence of a meritorious defense, likelihood of success is not the

measure." Asia N. Am. Eastbound Rate Agreement v. BJI Indus., Inc., 900 F. Supp. 507, 511

(D.D.C. 1995). Rather "[a party's] allegations are meritorious if they contain 'even a hint of a

suggestion' which, if proven, would constitute a complete defense." Id. (citations omitted).

Therefore, even broad and conclusory allegations meet the meritorious defense criterion for

setting aside the default. Id. Admittedly, the District has not filed an answer directly denying the

plaintiff's allegations. Instead, the District has filed a motion for summary judgment and an

opposition to the plaintiff's motion for entry of default, asserting that the plaintiff has failed to

adhere to the statutory notice requirements of D.C. Code §12-309 when claims are filed against

the District and that it did not waive its right to raise the defense of insufficient service of

process. Def.'s Opp'n to Default at 2-4. However, the District does specifically indicate that it

---

     [5] Instead, if the Court could find, as the plaintiff contends, that the District is engaged in willful delaying tactics designed to prejudice the plaintiff, more appropriate sanctions are available to the Court, e.g., an award of attorney's fees and costs. Such a finding cannot be made, however.

will "dispute the plaintiff's alleged damages such as the value of his automobile." Id. at 5. Thus,

although the District has not directly responded to the plaintiff's allegations and some of its

responses can be considered broad and conclusory, the Court can not conclude that any possible

defenses the District may raise will be entirely without merit. Accordingly, the Court finds that

the plaintiff's motion for a default must be denied.

### B. The District's Motion for Summary Judgment

The District requests that this Court award it summary judgment because the plaintiff (1)

failed to serve the proper District officials– the Mayor and the Attorney General of the District of

Columbia– as required by Superior Court Rule of Civil Procedure 4(j), and (2) failed to satisfy

the notice requirements of D.C. Code § 12-309. Def.'s Mot. for Summ. J. at 1, 6-7.[6] Id. at 6.

---

[6]The Court notes that the District inappropriately advances its insufficient service of process and inadequate notice challenges in a motion for summary judgment rather than in a motion to dismiss or a responsive answer. "A summary judgment is a ruling on the merits of the case predicated upon a determination that there are no material issues of fact that necessitate trial." Prakash v. American University, 727 F.2d 1174, 1181-82 (D.C. Cir. 1984). Improper service of process is not a defense to the merits of the plaintiff's lawsuit and thus cannot be the basis of a summary judgment motion. See United States v. Marple Cmty. Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971) (noting that summary judgment is not the proper place to raise the defense of improper service of process because it "involves a matter in abatement and does not go to the merits of the action . . ."); accord Prakash, 727 F.2d at 1182 (overturning the district court's award of summary judgment due to lack of diverse citizenship, as relief pursuant to Rule 12(b)(1)–the defense of "lack of jurisdiction over the subject matter"– is not the proper basis for granting a judgment on the merits). Rather, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B C. Miller & A. Wright, Federal Practice & Procedure: Civil § 1353 (3d ed. 2006). Notice-of-claim statutes, like D.C. Code §12-309, are strictly procedural prerequisites to the filing of a civil action, see Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C. 1981) and therefore non-compliance with D.C. Code §12-309 is subject to a procedural as opposed to a substantive challenge. The rationale for the delineation is important because the consequences of awarding summary judgment extend beyond the victory for the moving party, as a judgment on the merits has res judicata implications that prevent the claimant from pursuing the claim at a later time. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the

(continued...)

Specifically, the District states that the plaintiff should have sent a copy of the summons and

complaint to both the Mayor of the District of Columbia and the District's Attorney General. Id.

at 6-7. And, because the plaintiff did not file affidavits of proof of service within 120 days of

filing his complaint,[7] the District argues that the plaintiff failed to satisfy the requirements of

Federal Rule of Civil Procedure 4. Id. at 9. In addition, the District contends that D.C. Code § 

12-309 required the plaintiff to give written notice to the Mayor within six months after the

alleged injury occurred, detailing the approximate time, place, cause, and circumstances of the

alleged injury. Id. at 8. Consequently, the District asserts that the plaintiff's failure to comply

with § 12-309 bars his common law claims. Id. In opposition, the plaintiff responds that the

District has waived the Rule 12(h)(1) defense of insufficient service of process by failing to

include this defense in its earlier motion to dismiss that was denied by this Court on June 26,

2006, as required by Rule 12(g). Pl.'s Opp'n to Summ. J. at 1-2. The plaintiff also asserts that

D.C. Code § 12-309 is a local notice statute that cannot act as a bar to federal claims. Id. at 3.

---

[6](...continued)
merits of an action precludes the parties or their privies from relitigating issues that were or could
have been raised in that action." (citation omitted)). On the other hand, procedural challenges,
such as a challenge made pursuant to a Rule 12(b)(5) motion to dismiss, do not invoke the same
res judicata concerns for the claimant because a dismissal for insufficient service of process is
not a disposition on the merits. See Prakash, 727 F.2d at 1182 (noting that a Rule 12(b)(1)
dismissal for lack of diverse citizenship does not have res judicata implications and does not
preclude a litigant from refiling the action in an appropriate forum). The District's submission
has therefore been mislabeled and the Court will address the District's insufficient service of
process and inadequate notice challenges under the framework that governs a 12(b)(5) motion to
dismiss.

[7]The District apparently was confused about the time requirement because it first states
that the plaintiff had 60 days to file the affidavits, Def.'s Mot. for Summ. J. at 1,5, but then
amends its argument stating that he had 120 days to do so, id. at 9; Def.'s Reply for Summ. J. at
1. The District's second designation is correct, as the 120 day period in Rule 4(m) applies. Fed.
R. Civ. P. 4(m).

10

1.      **Inadequate Notice Challenge Under D.C. Code § 12-309**

District of Columbia Code § 12-309 provides that:

> An action may not be maintained against the District of Columbia
> for unliquidated damages to person or property unless, within six
> months after the injury or damage was sustained, the claimant, his
> agent, or attorney has given notice in writing to the Mayor of the
> District of Columbia of the approximate time, place, cause, and
> circumstances of the injury or damage.

The District asserts that the § 12-309 statutory requirements apply to the plaintiff's claim because

he seeks an award of an unliquidated sum from it and the provision explicitly states that "[a]n

action may not be maintained against the District of Columbia for unliquidated damages . . . "

unless § 12-309 is satisfied.  Def.'s Opp'n to Default at 4; Def.'s Reply for Summ. J. at 4-5.

And, the District contends that compliance did not occur at some point in 2004.  Def's Mot. for

Summ. J. at 8-9.  As proof of the plaintiff's failure to comply with § 12-309, the District has

supplied an affidavit to the Court stating that the affiant has searched "the records of the Office

of the Attorney General," has "requested that the Office of the Mayor conduct a search of its

records," and that "[t]he results of both searches is that a claim letter from or on behalf of Melvin

Antonio Candido relating to his potential claim against the District of Columbia as alleged in the

complaint in this matter was not received by the Office of the Attorney General."  Def's. Mot.

For Summ. J., Ex. 3 (Affidavit of Nadine Chandler Wilburn) ("Wilburn Aff'd.") at 2.[8]  The

---

[8]Notice to the Office of the Attorney General is not required under § 12-309.  And, even
though the affiant "requested that the Office of the Mayor conduct a search of its records," she
only reports that the results of the search of the Attorney General's records was fruitless.  Def's.
Mot. For Summ. J., Ex. 3 (Wilburn Aff'd.) at 2.  As such, the affidavit fails to actually establish
(continued...)

District argues that because there is no proof that the plaintiff complied with the "mandatory"

notice requirements of § 12-309, "all of his common law claims are barred, and must be

dismissed with prejudice." Def.'s Mot. for Summ. J. at 9. The plaintiff responds that the

District's request for summary judgment based on non-compliance "with D.C. Code § 12-309

fails as a matter of law" because a defense based on local law, "such as that provided by § 12-

309," cannot "defeat a federal claim." Pl.'s Opp'n to Summ. J. at 3. Accordingly, the plaintiff

argues that because his claims are based on 28 U.S.C. § 1343 and 42 U.S.C. § 1983 the District is

not entitled to summary judgment on its § 12-309 argument. Id., Compl. ¶ 1.

     The Supreme Court has held that under the Supremacy Clause of the Federal

Constitution, a state law must yield to a federal law when the two "conflict[] in both purpose and

effects." Felder v. Casey, 487 U.S. 131, 138 (1988). Accordingly, courts have explicitly ruled

that state notice-of-claim statutes like D.C. Code § 12-309 are not a bar to federal claims. See

Felder, 487 U.S. at 152 (holding that a state court may not decline to hear an otherwise properly

presented federal claim because that claim would be barred under a state notice-of-claim statute.)

And, the District of Columbia Circuit, and other members of this Court, have ruled that§ 12-309,

does not preempt federal law when federal claims are involved. See Brown v. United States, 742

F.2d 1498, 1509-10 (D.C. Cir. 1984) (en banc) (noting that an "overwhelming majority of federal

and state courts" have ruled that noncompliance with state notice-of-claims provisions is not a

bar to pursuing federal claims); Anderson-Bey v. District of Columbia, 466 F. Supp. 2d 51, 66

(D.D.C. 2006) (holding that § 12-309 does not apply to constitutional or other federal claims);

---

[8](...continued)
the plaintiff's non-compliance with § 12-309.

Case 1:06-cv-00128-RBW    Document 12    Filed 06/22/2007    Page 13 of 24

<u>Day v. D.C. Dep't of Consumer & Regulatory Affairs</u>, 191 F. Supp. 2d 154, 158 (D.D.C. 2002) ("The court first notes that well-settled case law holds that Section 12-309 does not apply to the plaintiff's alleged deprivation of constitutional rights in violation of 42 U.S.C. § 1983.").

Although the District construes the plaintiff's claim regarding the sale of his car as a common law claim and seeks its dismissal on the ground that all "common law claims" are barred when a "plaintiff failed to comply with the mandatory notice requirements of § 12-309, Def's Mot. for Summ. J. at 9, this Court ruled previously that the plaintiff has pled a federal due process claim, not a common law negligence claim, June 26, 2006 Order at 2. The District's cited authority is therefore neither persuasive nor applicable to the instant action.[9] The claims in the cases in which the District of Columbia Court of Appeals has held § 12-309 applicable all involved District of Columbia common law claims and thus are inapposite to the situation here. Thus, so long as the plaintiff satisfies the requirements of Federal Rule of Civil Procedure 4(j)(2), no further notice adherence is necessary. <u>See</u> <u>Brown</u>, 742 F.2d at 1508 ("State law is not usually thought to add elements to federal rights of action."). Therefore, this Court finds that the District's D.C. Code §12-309 challenge is without merit.

## 2. The Defendant's Insufficient Service of Process Challenge

When a defendant challenges service of process in a federal court proceeding, the plaintiff "must demonstrate that the procedure [he] employed satisfied the requirements of the relevant

---

[9]The District of Columbia Court of Appeals cases the District relies on include <u>Gross v. District of Columbia</u>, 734 A.2d 1077 (D.C. 1999) (applying § 12-309 to the plaintiff's common law tort claims but not the constitutional claim based on § 1983); <u>District of Columbia v. Dunmore</u>, 662 A.2d 1356 (D.C. 1995) (applying §12-309 to a medical malpractice claim); <u>Campbell v. District of Columbia</u>, 568 A.2d 1076 (D.C. 1990) (dismissing wrongful death negligence claim for not adhering to § 12-309); <u>Gwinn v. District of Columbia</u>, 434 A.2d 1376 (D.C. 1981) (refusing to toll time requirement of § 12-309 based on common law battery claim).

portions of Rule 4 and any other applicable provision of law." <u>Wilson v. Prudential Fin.</u>, 332 F.

Supp. 2d 83, 87 (D.D.C. 2004) (quoting <u>Light v. Wolf</u>, 816 F.2d 746, 751 (D.C. Cir. 1987)).  As

previously noted, service of process in this case is governed Federal Rule of Civil Procedure

4(j)(2).  And, Federal Rule of Civil Procedure 4(j)(2) provides that:

> Service upon a state, municipal corporation, or other governmental
> organization subject to suit shall be effected by delivering a copy
> of the summons and of the complaint to its chief executive officer
> or by serving the summons and complaint in the manner prescribed
> by the law of that state for the service of summons or other like
> process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).  And, Federal Rule of Civil Procedure 4(m) sets the time limits for

achieving service:

> If service of summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon
> motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct
> that service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  If the plaintiff fails to effect proper service within the 120-day limit

enumerated in the Rule, or within the time period designated by the Court, the plaintiff carries

the burden of showing good cause for the failure.  <u>Id.</u>; <u>see also</u> <u>Prudential Fin.</u>, 332 F. Supp. 2d at

87; <u>Whitehead v. CBS/Viacom, Inc.</u>, 221 F.R.D. 1, 2-3 (D.D.C. 2004).  Moreover, unless the

procedural requirements for effective service of process are satisfied, a court lacks authority to

exercise personal jurisdiction over the defendant.  <u>Gorman v. Ameritrade Holding Corp.</u>, 293

F.3d 506, 514 (D.C. Cir. 2002) (citing <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S.

97, 104 (1987)); <u>see</u> <u>Prudential Fin.</u>, 332 F. Supp. 2d at 87.  Thus, despite the District's use of an

14

improper procedural mechanism to raise its improper service of process challenge (summary judgment), the Court will nonetheless entertain the challenge under Rule 12(b)(5) as a motion to dismiss.  See Anderson v. Hall, 755 F. Supp. 2, 4 n.5 (D.D.C. 1991) (court may sua sponte raise the issue of Rule 12(b)(5) dismissal for failure to properly serve process pursuant to Federal Rule of Civil Procedure 4(j)); see also Allen v. Rehman, 132 F. Supp. 2d 27, 29 (D.D.C. 2000) (court dismissed the plaintiff's complaint sua sponte for lack of diversity jurisdiction.); Houston Bus. Journal, Inc. v. Officer of Comptroller of Currency, U.S. Dept. of Treasury, 86 F.3d 1208, 1211 (D.C. Cir. 1996) (court may raise questions of the federal court's subject-matter jurisdiction sua sponte.)

Here, the plaintiff may satisfy the requirements of Rule 4(j)(2) by effecting proper service on the Mayor by "delivering [to him] a copy of the summons and of the complaint . . .", Fed. R. Civ. P. 4(j)(2), or by complying with Superior Court of the District of Columbia Rule of Civil Procedure 4(j), which requires a party suing the District of Columbia to "deliver[] . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)." SCR-Civil Rule 4(j). Thus, if the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must "deliver[] a copy of the summons and of the complaint to [the District's] chief executive officer . . . ." Fed. R. Civ. P. 4(j)(2).

On the record currently before the Court, it is unclear whether the plaintiff satisfied either requirement. The record merely indicates that the two notices were served, Docket Entry, dated Jan. 27, 2006, but the plaintiff has not submitted any affidavits indicating who received them. And, the District points out that "[d]espite diligent efforts," no record of such notices have been

found. Def.'s Mot. for Summ. J. at 9.  In his opposition to the District's summary judgment

motion, the plaintiff fails to offer any actual proof that refutes the District's representation, but

instead speculates that the District must have been served because it appeared in court to defend

against this action. Pl.'s Opp'n to Summ. J. at 2 .  As further explained below, the "best

evidence of service" is not the appearance of the opposing party as the plaintiff contends, id., but

rather an affidavit from the process server or the Mayor's designee regarding the service. Cf. Zen

Music, Inc. v. CVS Corp., No. 98-Civ.-4246, 1998 WL 912102, at *3 (S.D.N.Y. Dec. 30, 1998)

(offering examples of evidence of sufficient service of process, including affidavits from the

process server or from the person who received the service).  This Court therefore finds that the

District's appearance in court, without more, is insufficient to satisfy the plaintiff's burden of

proving that he properly served the District.[10]  Accordingly, this Court has no choice but to find

that the plaintiff did not properly serve the District.

Even when a plaintiff has failed to effect proper service of process, Rule 4(m) gives the

plaintiff the opportunity to show good cause for the failure. Fed. R. Civ. P. 4(m).  One means of

making this showing is by demonstrating that the defendant waived the right to challenge service

of process. See Prudential Fin., 332 F. Supp. 2d at 89 (allowing the plaintiff to show good cause

for his failure to properly serve the defendant by demonstrating that the defendant waived the

defense of insufficient service).  Therefore, this Court must determine if the District waived the

right to invoke a Rule 12(b)(5) defense as argued by the plaintiff.  The plaintiff contends that the

---

[10]As discussed further below, see infra Part III.B.2.b., barring the defense of improper
service of process due to a defendant's mere appearance in court would frustrate the purpose of
Rule 12(b)(5) because the defendant could never contest the sufficiency of the service. See
Whitehead, 221 F.R.D. at 3; Cataldo v. U.S. Dept. of Justice, No. 99-264-B-C, 2000 WL 760960,
at *6 (D. Me. May 15, 2000).

District's ability to raise the defense has been waived because (1) it was not included in the

District's earlier Rule 12(b)(1) motion and (2) the District's appearance in court proves that it

was adequately served with notice. Pl.'s Opp'n to Summ. J. at 2. For the reasons set forth

below, the Court concludes that the plaintiff has failed to demonstrate good cause for his non-

compliance with Rule 4 (j)(2).

> *a. The Defense of Insufficient Service Was Not Available When the Prior Motion was*
> *Filed and thus Was Not Waived*

The District contends that its motion regarding the plaintiff's failure to effectuate proper

service had not ripened when it filed its initial Motion to Dismiss because the 120 day deadline

for effecting service of process had not elapsed. Def.'s Reply for Summ. J. at 2. To support its

position, the District relies heavily on the Rule 12(g)'s prescription that "[i]f a party makes a

motion under this rule but omits therefrom any defense or objection <u>then available</u> to the party

which this rule permits to be raised by motion, the party shall not thereafter make a motion based

on a defense or objection omitted . . . ." Fed.R.Civ.P. 12(g) (emphasis added); <u>Id.</u> The plaintiff

argues in response that the District should have known that service was defective when it filed its

Rule 12(b)(6) motion and that its insufficient service defense was "then available" when the

earlier motion was filed. Pl.'s Opp'n to Summ. J. at 2.

    If a party files a Rule 12(b) motion to dismiss, it may not subsequently assert any Rule

12(b) defenses that were available when the first Rule 12(b) motion was filed. <u>See</u> Fed. R. Civ.

P. 12(g); <u>id.</u> at 12(h)(1) ("A defense of . . . insufficiency of process, or insufficiency of service is

waived [ ]if omitted from a motion in the circumstances described in [Rule 12(g)]."); <u>see also</u>

<u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 813 (D.C. Cir. 1988) (denying the defendant's Rule

17

12(b)(2) and Rule 12(b)(3) defenses because they were not included in either the previous Rule

12(b) motion or the answer). However, Rule 12(g) and Rule 12(h)(1) "do not provide for waiver

if the omitted defense was not 'then available' to the party who made the previous Rule 12

motion . . . ." Wilson v. United States, No. 4:05-CV-562, 2006 WL 3431895, at * 1 (E.D. Ark.

Nov. 28, 2006); see Goodstein v. Bombardier Capital, Inc., 167 F.R.D. 662, 665 (D. Vt. 1996)

("Although Rule 12 sets forth a strict waiver requirement, it does provide an exception, namely

that it applies only to defenses 'then available.'").

     The Court cannot agree with the plaintiff's proposition that the District should have

known that service was defective when it filed its first Rule 12(b) motion because until the 120-

day deadline to effect service elapsed, the possibility existed that the plaintiff would timely

correct the deficient service. See Goodstein, 167 F.R.D. at 665 (recognizing that the defense of

insufficient service was technically not available where the defendant filed an earlier Rule 12(b)

motion before the 120-day deadline expired). So long as the 120 day limit had not expired when

the District filed its first 12(b) motion, it was under no obligation to point out the plaintiff's

deficient service until after the deadline elapsed. Cf. Wilson, 2006 WL 3431895 at *1;

Goodstein, 167 F.R.D. at 665 (motion to dismiss on insufficiency of service of process grounds

is premature when filed before the expiration of the 120-day time limit). The plaintiff filed his

complaint on January 24, 2006, and he therefore had until May 25, 2006, 120 days after the

complaint was filed, to properly serve the District. And because the District filed its first motion

to dismiss on February 14, well before the deadline elapsed, the defense of insufficiency of

service of process was not "then available." Thus, the District is not barred from asserting the

12(b)(5) defense for lack of sufficient service of process at this time.

*b. The District's Mere Appearance in Court Does Not Cure Insufficient*

*Service of Process*

The plaintiff posits that the District must have been "served" because it appeared in court

to litigate against the claim. Pl.'s Opp'n to Summ. J. at 2. In his reply to the District's

opposition to the motion for entry of a default, the plaintiff cites Creighton v. Kerr, 87 U.S. 8

(1874) as authority for his argument that the District's court appearance waived the Rule 12(b)(5)

defense. Pl.'s Reply for Default at 3.[11] In essence, the plaintiff argues that proper service of

process is a "meaningless gesture" when the defendant appears in court. Id. at 3. In addition, the

plaintiff argues that the defense of insufficient service of process was waived when the defendant

filed its motion for summary judgment seeking judgment on the merits. Pl.'s Reply for Default

at 4. The plaintiff relies on In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage

Litig., 15 F.3d 1230 (3d Cir. 1994) and Marshall v. Park Plaza Condominium Ass'n, No. 98-

2912, 1999 WL 689735 (E.D. Pa., Sept. 3, 1999) as support for this proposition. Pl.'s Reply for

Default at 4.

The plaintiff's argument is without merit for two primary reasons. First, as this Court has

previously noted, improper service of process is not a defense to the merits of the plaintiff's

lawsuit and thus cannot be the basis of a summary judgment motion. Rather, "[a] Rule 12(b)(5)

motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the

summons and complaint." 5B C. Miller & A. Wright, Federal Practice & Procedure: Civil §

1353 (3d ed. 2006). Hence, this Court has determined that the District's submission was

--------------------------------------------------

[11]The plaintiff's reliance on such antiquated case law as Creighton v. Kerr is ill-advised
when significantly more current and analogous authority is available.

mislabeled and the Court will address the District's insufficient service of process and inadequate

notice challenges under the framework that governs a 12(b)(5) motion to dismiss. Second,

simply being on notice of a lawsuit "cannot cure an otherwise defective service." Whitehead,

221 F.R.D. at 3 (citation omitted); accord LSJ Investment Co., v. O.L.D., Inc., 167 F.3d 320, 322

(6th Cir. 1999) (refusing to substitute actual knowledge for proper service under Rule 4). Federal

courts have firmly established that a court appearance alone can never waive an otherwise valid

Rule 12(b)(5) defense. See, e.g., Mopex, Inc. v. Amer. Stock Exch., L.L.C., No. 02-1656, 2002

WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) (dismissing the plaintiff's case without prejudice for

failure to effect proper service even though the defendant had actual notice of the proceedings)

(citation omitted); Cataldo, 2000 WL 760960, at *6 (refusing to accept the defendant's

appearance in court as a waiver of the defense of insufficient service of process) (citation

omitted). This Court therefore cannot accept the plaintiff's argument that the District waived its

Rule 12(b)(5) defense simply by appearing to contest the claim. Indeed, if a defendant's mere

appearance waived its Rule 12(b)(5) defense, it effectively "could never contest the sufficiency of

the service of process upon it." Id. Here, the plaintiff did not effect proper service, and the

District timely invoked this defense after it became available.

  The plaintiff's reliance on Texas E. Transmission and Marshall is misplaced. In those

cases, the courts determined that the defendants were foreclosed from asserting lack of personal

jurisdiction because they filed summary judgment motions on grounds unrelated to their Rule

12(b) defense. Texas E. Transmission involved a dispute between an insured and its insurance

carriers over insurance coverage for the costs associated with the clean-up of toxic waste

"release[d], discharge[d] and dispos[ed] into the environment" by the insured "in the course of

Case 1:06-cv-00128-RBW    Document 12    Filed 06/22/2007    Page 21 of 24

operating a natural gas pipeline extending from Texas and Louisiana to New Jersey." 15 F.3d at

1233. The three cases that were the subject of the appeal in Texas E. Transmission had been

consolidated for pretrial purposes in the federal district court where one of the cases had been

filed after one of the other cases had been transferred there from another district court and the

third case had been removed to that court from a state court. Id. at 1233-35. In the federal action

that had been transferred, which involved only the policies issued by the insured's primary

liability carrier, the insured "filed an answer with counterclaims against virtually all of its excess

insurers" after the transfer and consolidation had been effected. Id. at 1235. The insured's

counterclaim was eventually dismissed by the district court by way of summary judgment and the

insured appealed arguing, inter alia, that because it had failed to "execute service of process

upon" the excess insurers "they were not made parties to the suit" and therefore the district court

had improperly exercised jurisdiction over its counterclaim. Id. In rejecting the insured's

position, the Third Circuit noted "that a party is deemed to have consented to personal

jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to

engage in extensive litigation in the forum." Id. at 1236 (citation omitted). And since the

"counterclaim defendants actively litigated the . . . action, failed to move to dismiss [the] . . .

counterclaim for lack of service before litigating the motions for summary judgment, and, in fact,

moved for summary judgment on other grounds," the Third Circuit inferred "that the

counterclaim defendants effectively waived the defense of lack of personal jurisdiction based on

the absence of service of process by acquiescing in personal jurisdiction." Id. (footnote and

citations omitted). Accordingly, the Court held that the district court had properly exercised

personal jurisdiction over the excess carriers named in the counterclaim and affirmed its grant of

summary judgment. Id.

Similarly, in Marshall, the plaintiff originally sued the defendant in state court alleging tort claims against the defendant. 1999 WL 689735, at *1. "After the state action was terminated in favor of the defendants on appeal from the grant of preliminary objections," the plaintiff "brought [a] federal action for violation of the [Fair Housing Act]." Id. One of the defendant's, Scully Co., "moved to dismiss the action for improper service." Id. However, Scully Co. also joined the other defendants in requesting that the court award them summary judgment on the ground of res judicata barred the federal action. The court found that although service of defendant Scully Co. was improper, Scully waived any objection to improper service by moving for summary judgment "on the merits." Id. at *2. The court stated that "[w]hen Scully Co. joined the other defendants in requesting [that the] court . . . address the merits, it was calling upon the court to exercise jurisdiction over this action and itself." Id. Thus, "[b]y requesting the court to bind Marshall on the merits, it agreed to be bound also." Id. Accordingly, the court concluded that "[b]y invoking the jurisdiction of this court, Scully Co. waived any objection it had to improper service." Id.

Unlike Texas E. Transmission and Marshall, here, the District is not advancing its service of process challenge after having invoked the Court's jurisdiction to adjudicate the merits of this matter on other grounds. As noted above, the District's motion is miscaptioned as one for summary judgment rather than appropriately as a Rule 12(b)(5) motion to dismiss on sufficiency of service of process grounds. It is therefore this Court's conclusion that the District's appearance to contest the sufficiency of the service does not preclude it from asserting this defense. And, based on the record before the Court, the plaintiff has failed to show good cause

22

for not properly serving the District with process.[12]

### 3. The Court Directs the Plaintiff to Perfect Service

If a party has not complied with the service of process requirements of Rule 4, the Court, by motion or on its own initiative, has the power to either dismiss the plaintiff's claims or "direct that service be effected within a specified time." Fed. R. Civ. P. 4(m); see Prudential Fin., 332 F. Supp. 2d at 89 (court exercised its discretion and ordered the plaintiff to remedy the defective service rather than dismissing the claim where there was no indication that allowing the plaintiff to perfect service would unduly prejudice the defendant). Here, justice is best served by directing the plaintiff to perfect service and then file with the Court appropriate affidavits demonstrating that proper service was achieved. By proceeding in this manner, this Court does not mean to suggest that it condones the plaintiff's failure to properly serve the District or prove that proper service was effected as required by Rule 4. See Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987) (explaining that proper service "is not some mindless technicality"); BPA Int'l, Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Proper service is essential for the

---

[12]Even though the plaintiff has failed to satisfy his burden under Federal Rule of Civil Procedure 4, the Court notes the District was not barred from filing an answer as ordered by this Court to assert its Rule 12(b)(5) defense because parties do not waive certain Rule 12(b) defenses if they are appropriately filed with responsive pleadings. See Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1233 (1st Cir. 1991) (permitting the defendant to assert a Rule 12(b)(2) defense in its answer even though the trial court had previously denied its prior motion to dismiss for insufficient service of process); Chatman-Bey, 864 F.2d at 813 (indicating that certain Rule 12(b) defenses must be made in a pre-answer motion or in a responsive pleading); 5C C. Wright & A . Miller, Federal Practice & Procedure: Civil § 1391 (3d ed. 2006) ("If a party does not make a preliminary motion or if a defense was not available at the time he first moved, that party is not vulnerable to a waiver argument and may present a Rule 12(b)(2) through 12(b)(5) challenge, but it must be included in the responsive pleading.").

court to exercise power over a party.") (internal quotation omitted).  However,  dismissing the

plaintiff's case at this junction would potentially subvert justice and unfairly prejudice the

plaintiff, while on the other hand,  the District will not be prejudiced by affording the plaintiff the

opportunity to comply with Rule 4.  Thus, the defendant's motion for summary judgment (which

the Court construes as a motion for Rule 12(b)(5) relief) is denied.

## IV.  Conclusion

Based on the foregoing reasons, this Court **DENIES** the plaintiff's motion for entry of

default and **DENIES** the District's motion for summary judgment.[13]

---

[13] An order consistent with this Memorandum Opinion has been entered.